UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LEGION INSURANCE COMPANY | : | |
| | : | |
| v. | : | C.A. NO. 02-045T |
| | : | |
| FAMILY SERVICE, INC. and | : | |
| BROOKE BOURASSA | : | |

**DEFENDANTS' MOTION FOR LEAVE TO FILE A THIRD PARTY COMPLAINT**

Pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, Defendants Family Service, Inc. and Brooke Bourassa move for leave to file a third party complaint against the Rhode Island Insurers' Insolvency Fund. For the reasons set forth in the memorandum of law filed in support of this motion, the Defendants respectfully request the Court to grant their motion for leave to file a third party complaint.

.

FAMILY SERVICE, INC. and BROOKE BOURASSA

By their Attorneys,

/s/ Joseph D. Whelan
Joseph D. Whelan (#5694)
Matthew P. Horvitz (#7289)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
jwhelan@haslaw.com
mhorvitz@haslaw.com

Dated: March 13, 2007.

**CERTIFICATE OF SERVICE**

To:

Brooks R. Magratten, Esq.
Kimberly A. Simpson, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

I hereby certify that on March 13, 2007, a copy of the foregoing Motion for Leave to File Third Party Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by 3-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Joseph D. Whelan

785834v1 (36926/115798)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LEGION INSURANCE COMPANY | : | |
| | : | |
| VS | : | C.A. NO. 02-045T |
| | : | |
| FAMILY SERVICE, INC. and BROOKE BOURASSA | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE A THIRD PARTY COMPLAINT**

Pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, Defendants, Family Service, Inc. and Brooke Bourassa (referred to collectively as "Family Service"), seek leave of court to file and serve a third party complaint against the Rhode Island Insurers' Insolvency Fund (the "Insolvency Fund") in the form attached hereto as Exhibit A (the "Third Party Complaint").

## I. BACKGROUND

Family Service has sought coverage under Legion Insurance Company ("Legion") policy number LN20629459 (the "Policy") in connection with a discrimination claim brought by a former Family Service employee. The Policy is a Non-Profit Organization Liability Insurance Policy that Legion issued to Family Service, effective as of July 1, 1998.

Legion filed an action in this Court on January 18, 2002 against Family Service, seeking declaration of rights, duties and liabilities of the parties under the Policy. Family Service counterclaimed, seeking a declaratory judgment against Legion and judgment for breach of contract and bad faith.

In the interim, the Insurance Commissioner and Commonwealth Court of Pennsylvania, in *Koken v. Legion Ins. Co.*, No. 183 M.D. 2002, placed Legion into rehabilitation. That order stayed all actions against Legion and its insureds. Consistent with the courts of Pennsylvania,

the Court stayed proceedings in this lawsuit on July 5, 2002. That stay was lifted in or about January, 2007.

On account of Legion's status and the Court lifting the litigation stay in this matter, Family Service now seeks to file a third party complaint against the Insolvency Fund. The Rhode Island Insurers' Insolvency Act, R.I. Gen. Laws § 24-34-1, *et seq.*, functions to provide insured parties with payment for covered claims arising out of insurance policies provided by insurers that have become insolvent. This act provides a mechanism to prevent insureds, like Family Services, from suffering financial losses because of an insurer's insolvency.

## II. ARGUMENT

### A. <u>Standard for Granting Leave to File a Third Party Complaint</u>

The "liberal standard" of Fed. R. Civ. P. 14(a) provides that "[a]t any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." *See Lehman v. Revolution Portfolio, LLC*, 166 F.3d 389, 393 (1st Cir. 1999). When leave is sought, "the determination is left to the informed discretion of the district court, which should allow impleader on any colorable claim of derivative liability that will not unduly delay or otherwise prejudice the ongoing proceedings." *Id.* (citations omitted).

Among the factors to be considered by the Court in exercising its discretion are: (1) possible prejudice to the plaintiff, (2) complication of the issues in the trial, (3) likelihood of causing delay, (4) timeliness of the motion, (5) the merit or substance of the third party complaint, and (6) additional expenses to the parties. *United States v. Gov't. Development*

*Bank*, 725 F.Supp. 96, 105 (D.P.R. 1989)(citations omitted). Family Services meets this standard and the Court should grant its motion for leave to file a third party complaint.

**B. <u>There is no Prejudice to Legion</u>**

Legion will not be prejudiced by the Third Party Complaint. Inclusion of the Insolvency Fund in this matter will not require additional discovery or involve new causes of action or claims. Until recently, this matter was stayed by order of the Court. During the litigation stay Legion collapsed into liquidation. Now that the Court has lifted the stay of litigation, Family Service seeks to address the problems arising from Legion's insolvency by bringing the Insolvency Fund into this matter.

**C. <u>The Issues at Trial Remain the Same</u>**

The issues addressed in the third party complaint will not complicate the determination of Legion's liability under the Policy. "A district court must oversee third-party practice with the core purposes of Rule 14(a) in mind: avoiding unnecessary duplication and circuity of action." *Lehman*, 166 F.3d at 394-95 (citing 6 Charles Alan Wright, *et al.*, Federal Practice and Procedure § 1443 (2d ed. 1990)).

The issues at trial against Legion and the Insolvency Fund are identical because the Insolvency fund steps into Legion's shoes. The inclusion of the Insolvency Fund in this matter merely guarantees that Family Service will have monies available to it when it secures a judgment from Legion. This is the intended purpose of the Insolvency Fund.

**D. <u>There is no Likelihood of Delay and the Motion for Leave is Timely</u>**

Where a case will not be unduly delayed and the Motion for Leave is brought in a timely manner, it should be granted. *See, e.g., Zeus Project Limited v. Perez y CIA de Puerto Rico, Inc.*, 187 F.R.D. 23, 33-34 (D.P.R. 1999). This litigation will not be unduly delayed. The Third Party

Complaint does not raise any new causes of action. Pursuant to the Court's scheduling order, discovery is still open and the parties can freely bring motions. There are no pending motions for summary judgment and the Court has not yet set a trial date. Thus, it is early enough in this case that Legion will not be unduly delayed by the Third Party Complaint.

Family Service brought this third party complaint in a timely manner. The short delay between the time the stay was lifted and the filing of this motion was largely due to settlement efforts.

**E. <u>The Third Party Complaint has Merit</u>**

The Third Party Complaint meets the requirement under Rule 14(a) that a third party complaint has merits. The Rhode Island Insurers' Insolvency Act functions to provide payment of insured parties' covered claims arising out of policies provided by insurers that have become insolvent. *Rhode Island Insurers' Insolvency Fund v. Leviton Mfg. Co., Inc.*, 813 A.2d 47, 48 (R.I.2003). The Legislature created the Insolvency Fund in order "to provide a mechanism for the payment of covered claims under certain insurance policies to avoid excessive delay in payment and to avoid financial loss to claimants or policyholders because of the insolvency of an insurer, and to create an entity to assess the cost of the protection and distribute it equitably among member insurers." *Enterprise Rent-A-Car Co. of Rhode Island v. Kallejian*, No. PC-6242, 2006 WL 3334938, *2 (R.I.Super. Nov. 14, 2006) (quoting R.I. Gen. Laws § 27-34-2). The Insolvency Fund acts as an insurance safety net for those bona fide claimants whose insurers have become insolvent. *Id.* In effect, it "steps into the shoes" of insolvent insurers. *See Thomas v. Rhode Island Insurers' Insolvency Fund*, 814 A.2d 335, 340 (R.I. 2003). Legion is insolvent. Thus, the Insolvency Fund provides a safety net for Family Service, who otherwise could not collect amounts owed by Legion.

**F. <u>No Significant Additional Expenses</u>**

There will not be significant additional expenses to the parties in this matter if the Court allows Family Service to file the Third Party Complaint. When third party claims arise from "the same aggregate or core of facts which is determinative of the plaintiffs' claim," any prejudice to the plaintiff is "sufficiently outweighed by the benefits of more efficient litigation to be obtained by allowing impleader." *Gross v. Hanover Ins. Co.*, 138 F.R.D. 53, 55-56 (S.D.N.Y. 1991). The General Assembly created the Insolvency Fund to address exactly these situations. Family Service's motion for leave should be granted to provide resolution of its claims for coverage under the Policy in a single lawsuit.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant the Defendants' motion for leave to file a third party complaint.

FAMILY SERVICE, INC. and BROOKE BOURASSA

By their Attorneys,

<u>/s/ Joseph D. Whelan</u>

Joseph D. Whelan (#5694)
Matthew P. Horvitz (#7289)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
jwhelan@haslaw.com
mhorvitz@haslaw.com

Dated: March 13, 2007.

**CERTIFICATE OF SERVICE**

To:

Brooks R. Magratten, Esq.
Kimberly A. Simpson, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

I hereby certify that on March 13, 2007, a copy of the foregoing Memorandum in Support of Motion for Leave to File a Third Party Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by 3-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Joseph D. Whelan

785849v1 (36926/115798)

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LEGION INSURANCE COMPANY,<br>Plaintiff,<br>v.<br><br>FAMILY SERVICE, INC. and<br>BROOKE BOURASSA,<br>Defendants. | : | C.A. NO. 02-045T |
| FAMILY SERVICE, INC. and<br>BROOKE BOURASSA,<br>Third Party Plaintiffs,<br>v.<br><br>RHODE ISLAND INSURERS' INSOLVENCY FUND,<br>Third Party Defendant. | : | |

**THIRD PARTY COMPLAINT**

Defendants Family Service, Inc. and Brooke Bourassa (referred to collectively as "Family Service") bring this third-party complaint against the Rhode Island Insurers' Insolvency Fund to obtain payment for claims covered under an insurance policy issued by the Plaintiff, Legion Insurance Company ("Legion"). Because Legion is now insolvent, Family Service seeks payment from the Rhode Island Insurers' Insolvency Fund to avoid financial loss.

**Parties and Jurisdiction**

1. Family Service, Inc. ("Family Service") is a Rhode Island non-profit corporation with its principal offices at 55 Hope Street, Providence, Rhode Island.

2. Legion Insurance Company ("Legion"), upon information and belief, is a Pennsylvania corporation in liquidation, with its principal place of business in Philadelphia, Pennsylvania.

3. The Rhode Island Insurers' Insolvency Fund (the "Insolvency Fund") is a non-profit unincorporated legal entity created by The Rhode Island Insurers' Insolvency Fund Act, R.I. Gen. Laws §§ 27-34-1, *et seq*.

4. The Court has jurisdiction over this action pursuant to Rule 14(a) of the Federal Rules of Civil Procedure.

**Facts**

5. Legion issued a Non-Profit Organization Liability Insurance Policy to Family Service, effective as of July 1, 1998.

6. During the period from July 1, 1998 to July 1, 1999, Family Service was an insured under policy number LN20629459 (the "Policy").

7. At all relevant times, Family Service complied with any and all conditions precedent for coverage under the Policy.

8. In connection with a discrimination suit by a former employee, Family Service brought a claim for coverage against Legion, pursuant to the Policy.

9. Legion retained Scott R. Schaffer, Esq. and the firm of Wilson, Elser, Moskowitz, Edelman & Dicker LLP to represent it in connection with Family Service's claim for coverage.

10. In or about January 2002, the day before a trial calendar call at the Rhode Island Superior Court, Legion's counsel: (i) reaffirmed Legion's request for greater participation in a proposed settlement between Family Service and the former employee and (ii) indicated that they were going to file suit against Family Service.

11. On or about January 18, 2002, Legion filed a suit for declaratory judgment against Family Service in the United States District Court for the District of Rhode Island. This suit is captioned Legion Insurance Co. v. Family Service, Inc. and Brooke Bourassa, C.A. No. 02-045T.

12. On or about March 22, 2002 attorneys for Family Service confirmed with Legion's counsel the terms of a "global settlement" with Family Services's former employee.

13. In a letter dated March 25, 2002, Legion's counsel acknowledged Legion's agreement to the "global settlement."

14. On or about March 28, 2002, the Commonwealth Court of Pennsylvania placed Legion into rehabilitation, entered in Koken v. Legion Ins. Co., No. 183 M.D. 2002.

15. Upon information and belief, on or about July 28, 2003 the Commonwealth Court of Pennsylvania ordered Legion into liquidation.

**Count I**
**(R.I. Gen. Laws § 27-34-1 – Rhode Island Insurers' Insolvency Act)**

16. Family Service restates the allegations contained in paragraphs 1 through 15 as if fully set forth herein.

17. Legion is in liquidation and is insolvent.

18. Family Service is a bona fide claimant under the Policy and "global settlement" with Legion.

19. As a Legion policyholder with claims covered by the Policy and settlement agreements entered into with Legion's approval, Family Service stands to suffer financial loss due to the insolvency of its insurer.

**Demand for Relief**

WHEREFORE, Family Service requests the Court to enter judgment against the Rhode Island Insurers' Insolvency Fund, as follows:

A. Judgment against the Rhode Island Insurers' Fund for all sums that may be adjudged against Legion in favor of Family Service in the matter of Legion Insurance Co. v. Family Service, Inc. and Brooke Bourassa, C.A. No. 02-045T; and

B. Award Family Service all other legal or equitable relief as the Court deems necessary and proper, including any and all benefits afforded by the terms of the Policy and "global settlement," and all attorneys' fees incurred in connection with this matter

**FAMILY SERVICE CLAIMS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

FAMILY SERVICE, INC. and BROOKE BOURASSA

By their attorneys,

/s/ Joseph D. Whelan

Joseph D. Whelan (#5694)
Matthew P. Horvitz (#7289)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600 (fax)
jwhelan@haslaw.com
mhorvitz@haslaw.com

Dated: March 13, 2007.
#785852