UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LEGION INSURANCE COMPANY | : | |
| | : | |
| v. | : | C.A. NO. 02-045T |
| | : | |
| FAMILY SERVICE, INC. and | : | |
| BROOKE BOURASSA | : | |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56, Defendants Family Service, Inc. and Brooke Bourassa respectfully request that the Court grant their motion for summary judgment as to counts I, III and IV of their counterclaim against the Plaintiff, Legion Insurance Company.

In support of this motion, the Defendants rely on the accompanying Statement of Undisputed Facts with attached Exhibits and Memorandum of Law in Support of Summary Judgment.

Respectfully submitted,

FAMILY SERVICE, INC. and
BROOKE BOURASSA

By their attorneys,

/s/ Matthew P. Horvitz
Joseph D. Whelan (#2126)
Matthew P. Horvitz (#7289)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
jwhelan@haslaw.com
mhorvitz@haslaw.com

Dated: April 4, 2007.
#793252

# CERTIFICATE OF SERVICE

To:

Brooks R. Magratten, Esq.
Kimberly A. Simpson, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

I hereby certify that on April 4, 2007, a copy of the foregoing Motion for Summary Judgment was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Matthew P. Horvitz

#793252

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LEGION INSURANCE COMPANY | : | |
| | : | |
| v. | : | C.A. NO. 02-045T |
| | : | |
| FAMILY SERVICE, INC. and | : | |
| BROOKE BOURASSA | : | |

**DEFENDANTS' MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 56, Defendants Family Service, Inc. and Brooke Bourassa (collectively referred to as "Family Service") respectfully request that the Court grant their motion for summary judgment against the Plaintiff, Legion Insurance Company ("Legion"). Family Service moves for summary judgment to hold Legion accountable for a settlement agreement it voluntarily entered into with Family Service but now refuses to follow.

## II. UNDISPUTED FACTS

Family Service is a non-profit organization that provides a broad range of services to individuals and families in the Rhode Island community. Legion issued Family Service a Non-Profit Organization Liability Insurance Policy, policy number LN20629459 (the "Policy"), effective July 1, 1998. Defendants' Statement of Undisputed Facts ("Stmt.), ¶ 4. Family Service was an insured under the Policy from July 1, 1998 through July 1, 1999. Stmt., ¶ 5. The Policy's coverage included loss and defense costs arising from employment discrimination and discharge claims. Stmt., ¶ 6.

In August 1998, Family Service received a letter, dated August 19, 1998, from Jeffrey Michaelson, Esq. Stmt., ¶ 7. Mr. Michaelson informed Family Service that Heather Harmon

("Harmon"), a Family Service employee, retained him to represent her in connection with workplace discrimination claims against Family Service. *Id.*

Harmon filed her discrimination claim against Family Service with the Rhode Island Commission for Human Rights (the "Commission") on September 2, 1998. Stmt., ¶ 8. Family Service promptly notified Legion about Harmon's claims and otherwise fully-complied with all conditions precedent for coverage under the Policy. Stmt., ¶ 9.

Family Service received a letter on January 15, 1999 from Scott R. Schaffer, Esq. Stmt., ¶ 10. In this letter Schaffer informed Family Service that Legion retained him and the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker, LLP to handle Family Service's claim for coverage under the Policy with respect to Harmon's discrimination claims. Stmt., ¶¶ 10, 11.

On September 20, 1999, Family Service's attorneys wrote to Legion's counsel to inform him that the Commission issued Harmon a right-to-sue letter. Stmt., ¶ 12. Family Service's attorneys sent Legion's counsel a letter on December 13, 1999, notifying him that Harmon filed a complaint against Family Service in Rhode Island state court. Stmt., ¶ 13. Family Service answered Harmon's complaint on February 18, 2000, denying all allegations of discrimination and sexual harassment. Stmt., ¶ 14.

In the fall and winter of 2001, Legion discussed possible settlement options with Family Service regarding Harmon's lawsuit. Stmt., ¶ 15. In January 2002, the day before a trial calendar call at Rhode Island Superior Court, Legion's counsel reaffirmed Legion's request for greater participation in a proposed settlement and indicated that they were going to file suit in federal district court. Stmt., ¶ 16.

On March 22, 2002, on the eve of trial, Family Service's attorneys reached a settlement with Harmon and Legion (the "Global Settlement"). Stmt., ¶ 17. The Global Settlement

included an agreement between Family Service and Legion to settle any and all coverage disputes. Stmt., ¶ 18. Family Service's attorneys confirmed the terms of the Global Settlement in a letter to Legion's counsel, dated March 22, 2002. Stmt., ¶ 19. The terms of the Global Settlement provided that the Harmon lawsuit would be settled for $27,500. Stmt., ¶ 20. Family Service would provide $20,000 of that amount and Legion would pay the remaining $7,500.[1] *Id.* Under the Global Settlement, Legion agreed to "pay all legal fees incurred in the underlying action." *Id.* Family Service's legal fees were $18,122.32 as of July 2002. Stmt., ¶ 21. The Global Settlement also provided that Legion would dismiss its lawsuit against Family Service, *Legion Ins. Co. v. Family Service, Inc. and Brooke Bourassa*, C.A. No. 02-045T (D.R.I.). Stmt., ¶ 22.

In a letter dated March 25, 2002, Legion's counsel acknowledged Legion's agreement to the Global Settlement as communicated by the March 22, 2002 letter from Family Service's attorneys. Stmt., ¶ 23. In a letter dated July 23, 2002, Schaffer later acknowledged "that a settlement of the underlying claim had been negotiated." Stmt., ¶ 24. Schaffer acknowledged that "[t]he agreement also included the dismissal of the DJ action with prejudice upon receipt of an executed Claim Release and Legion's satisfaction of defense costs through consummation of the settlement." *Id.*

Legion breached the Global Settlement by refusing to pay Family Service's defense costs in connection with Harmon's lawsuit and by refusing to dismiss this declaratory judgment action. Legion has also wrongfully, unfairly and in bad faith refused to timely perform these obligations. Stmt., ¶ 25.

[1] The Rhode Island Insurers' Insolvency Fund made of payment of $7,500 to Family Services on or about January 4, 2007. Family Service accepted this payment without prejudice to its right to additional funds and claims, including interest and attorney's fees. *See* Stmt., Exhibit B, at 1.

## III. ARGUMENT

### A. <u>Standard for Granting Summary Judgment</u>

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of showing the Court that no genuine issue of material fact exists. *Id.* Once the moving party makes the requisite showing, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading, but...must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### B. <u>Family Service is Entitled to Summary Judgment Because the Global Settlement is Enforceable and Legion Breached This Agreement</u>

Family Service seeks summary judgment on their counterclaims for declaratory judgment and breach of contract because Legion is obligated to follow the Global Settlement and has refused to follow its terms.

Attorneys may make binding compromises and settlements on behalf of their clients. *See Michaud v. Michaud*, 932 F.2d 77, 80 (1st Cir. 1991); *May v. Penn T.V. & Furniture Co.*, 686 A.2d 95, 99 (R.I. 1996). In Rhode Island, parties to a lawsuit "can preserve their agreement by placing it on the record or reducing it to an agreed-upon writing." *E.W.H. & Assoc. v. Swift*, 618 A.2d 1287, 1288 (R.I. 1993); *see* Super. R. Prac. 1.4.

The Global Settlement is enforceable because counsel for Family Service and counsel for Legion consented to this agreement through written documents. *See Deleo v. General Acc. Ins. Co.*, 693 A.2d 1029, 1030 (R.I. 1997). Schaffer's admissions in his July 23, 2002 letter confirm the validity of the Global Settlement. Family Service is entitled to its defense costs and

dismissal of this action under this agreement. Legion has breached the Global Settlement by failing to perform these obligations. Accordingly, the Court should grant Family Service's motion for summary judgment.

### C. **<u>Legion's Breach of the Global Settlement Entitles Family Service to Summary Judgment Against Legion for Bad Faith</u>**

It is a "well-established principle" in Rhode Island that "[i]nsurers must deal with their insureds in good faith and by fair dealing and must have a lawful basis to deny the claim or be subject to tort liability for bad faith." *Metropolitan Property and Cas. Ins. Co. v. Barry*, 892 A.2d 915, 925 (R.I. 2006) (citing *Skaling v. Aetna Ins. Co.*, 799 A.2d 997, 1011 (R.I.2002)). Moreover, an "insurer is obliged to engage in settlement discussions in an effort to relieve the insured from the burden and expense of litigation." *Id.* (quotations omitted).

Legion has breached the Global Settlement by refusing to pay Family Service's defense costs and dismiss this action. Legion's duty of good faith to Family Services did not end after it agreed to the Global Settlement. Rather, Legion should have performed its obligations under the Global Settlement. Its refusal to do so constitutes bad faith.

## IV. CONCLUSION

As demonstrated above, the Court should grant Family Service, Inc. and Brooke Bourassa's motion for summary judgment as to counts I, III and IV of their counterclaims against Legion Insurance Company.

FAMILY SERVICE, INC. and
BROOKE BOURASSA

By their attorneys,

/s/ Matthew P. Horvitz
Joseph D. Whelan (#2126)
Matthew P. Horvitz (#7289)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
jwhelan@haslaw.com
mhorvitz@haslaw.com

Dated: April 4, 2007.
#793252

**CERTIFICATE OF SERVICE**

To:

Brooks R. Magratten, Esq.
Kimberly A. Simpson, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

I hereby certify that on April 4, 2007, a copy of the foregoing Memorandum of Law was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Matthew P. Horvitz

#793252