UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LEGION INSURANCE COMPANY | : | |
| | : | |
| v. | : | C.A. NO. 02-045T |
| | : | |
| FAMILY SERVICE, INC. and BROOKE BOURASSA | : | |

**STATEMENT OF UNDISPUTED FACTS**

Pursuant to Local Rule 56(a) of the United States District Court for the District of Rhode Island, Defendants Family Service, Inc. and Brooke Bourassa (collectively referred to as "Family Service") submit this statement of undisputed facts in support of their motion for summary judgment:

1. Plaintiff, Legion Insurance Company (In Liquidation) ("Legion") is a Pennsylvania corporation with its principle place of business in Philadelphia, Pennsylvania and authorized to do business in the State of Rhode Island during the time period relevant to this matter.

2. Defendant Family Service, Inc. is a Rhode Island non-profit corporation with its principal offices at 55 Hope Street in Providence, Rhode Island.

3. Defendant Brooke Bourassa was an employee in a managerial or supervisory capacity at Family Service, Inc. during the time period relevant to this matter.

4. Legion issued Family Service a Non-Profit Organization Liability Insurance Policy, policy number LN20629459 (the "Policy"), effective July 1, 1998.

5. Family Service was an insured under the Policy from July 1, 1998 through July 1, 1999.

6. The Policy covered, *inter alia*, loss and defense costs arising from employment discrimination and discharge claims brought under Rhode Island and federal law.

7. In or about August 1998, Family Service received a letter dated August 19, 1998 from Jeffrey Michaelson, Esq. Mr. Michaelson informed Family Service that Heather Harmon ("Harmon"), a Family Service employee, retained him to represent her in connection with claims of workplace discrimination against Family Service.

8. Harmon filed her discrimination claims against Family Service first with the Rhode Island Commission for Human Rights (the "Commission") on September 2, 1998.

9. Family Service promptly notified Legion of Harmon's charges and otherwise fully-complied with all conditions precedent for coverage under the Policy.

10. Family Service received a letter on January 15, 1999 from Scott R. Schaffer, Esq. ("Schaffer"), informing them that Legion had retained him to handle Family Service's claim for coverage in connection with Harmon's claims.

11. Shaffer and the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker, LLP represented Legion in connection with Family Service's claim for coverage under the Policy in defense of Harmon's claims.

12. On September 20, 1999, Family Service's attorneys wrote to Legion's counsel to inform him that the Commission issued Harmon a right-to-sue letter.

13. On December 13, 1999, Family Service's attorneys wrote to Legion's counsel to inform him that Harmon filed a complaint against Family Service in Rhode Island state court.

14. Family Service answered Harmon's complaint on February 18, 2000, denying all allegations of discrimination and sexual harassment.

15. In the fall and winter of 2001, Legion discussed possible settlement options with Family Service regarding Harmon's lawsuit.

16. In January 2002, the day before a trial calendar call at Rhode Island Superior Court, Legion's counsel (i) reaffirmed Legion's request for greater participation in a proposed settlement and (ii) indicated that they were going to file suit in federal district court.

17. On March 22, 2002, on the eve of trial, Family Service's attorneys reached a settlement with Harmon and Legion (the "Global Settlement").

18. The Global Settlement included an agreement between Family Service and Legion to settle between them any and all coverage disputes.

19. Family Service's attorneys confirmed the terms of the Global Settlement in a letter to Legion's counsel, dated March 22, 2002. *See* Exhibit A.

20. The terms of the Global Settlement provided that the Harmon lawsuit would be settled for $27,500. Family Service would provide $20,000 of that amount and Legion would pay the remaining $7,500. Legion also agreed to "pay all legal fees incurred in the underlying action." *See* Exhibit A.

21. Family Service's legal fees were $18,122.32 as of July 2002. *See* Exhibit B, at 5.

22. The terms of the Global Settlement also provided that Legion would dismiss its lawsuit against Family Service, *Legion Ins. Co. v. Family Service, Inc. and Brooke Bourassa*, C.A. No. 02-045T (D.R.I.). *See* Exhibit A.

23. In a letter dated March 25, 2002, Legion's counsel acknowledged Legion's agreement to the Global Settlement as communicated by the March 22, 2002 letter from Family Service's attorneys. *See* Exhibit C.

24. In a letter dated July 23, 2002, Schaffer acknowledged "that a settlement of the underlying claim had been negotiated." *See* Exhibit B, at 4. Shaffer admitted in this letter that "[t]he agreement also included the dismissal of the DJ action with prejudice upon receipt of an executed Claim Release and Legion's satisfaction of defense costs though consummation of the settlement." *See id.*

25. Legion breached the Global Settlement by refusing to pay Family Service's defense costs in connection with Harmon's lawsuit and by refusing to dismiss this declaratory judgment action. Legion also wrongfully, unfairly and in bad faith refused to timely perform these obligations.

Respectfully submitted,

FAMILY SERVICE, INC. and
BROOKE BOURASSA

By their attorneys,

/s/ Joseph D. Whelan
Joseph D. Whelan (#2126)
Matthew P. Horvitz (#7289)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
jwhelan@haslaw.com
mhorvitz@haslaw.com

Dated: April 4, 2007.

#789762

**CERTIFICATE OF SERVICE**

To:

Brooks R. Magratten, Esq.
Kimberly A. Simpson, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

I hereby certify that on April 4, 2007, a copy of the foregoing Statement of Undisputed Facts was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Matthew P. Horvitz

# Exhibit A

**Hinckley, Allen & Snyder LLP** *Attorneys At Law*

1500 FLEET CENTER ☐ PROVIDENCE, RHODE ISLAND 02903-2393
401-274-2000 ☐ FAX 401-277-9600 ☐ www.haslaw.com

# FACSIMILE TRANSMITTAL SHEET

FROM: Joseph D. Whelan, Esq.

DATE: March 22, 2002

NUMBER OF PAGES TRANSMITTED (INCLUDING COVER SHEET): 2

If you did not receive the indicated number of pages or if any pages are illegible, please call us immediately at: (401) 274-2000 Ext. 2310

CLIENT: 36926 MATTER: 109717

CONFIDENTIALITY NOTICE

This facsimile transmission and the accompanying documents contain legally privileged confidential information. The information is intended only for the use of the recipient named below. If you are not an intended recipient, you are hereby notified that any disclosure, copying, distribution, or exploitation of, or the taking of any action in reliance on, the contents of this facsimile is strictly prohibited. If you have received this facsimile in error, please notify us immediately by telephone to arrange for the return of the original documents to us at our expense.

FAXED

To: Scott R. Schaffer, Esq. and Alba Alessandro, Esq.

FIRM: Wilson, Elser, Moskowitz, Edelman & Dicker

RE: Family Service/Heather Harmon

PHONE NUMBER: 212-490-3000

FAX NUMBER: 212-490-3038

☒ URGENT ☐ PER OUR DISCUSSION ☐ AS REQUESTED ☐ PLEASE CALL TO DISCUSS ☐ PLEASE SEE BELOW

NOTES/COMMENTS:



** JOB STATUS REPORT ** AS OF MAR 22 2002 17:25 PAGE.01

H A S PROV 4

JOB #351

| DATE TIME | TO/FROM | MODE | MIN/SEC | PGS | STATUS |
|---|---|---|---|---|---|
| 001 3/22 17:24 | 4903038 | EC--S | 00'20" | 002 | OK |

1500 FLEET CENTER
PROVIDENCE, RHODE ISLAND 02903-2393
401 274-2000
FAX. 401 277-9600

HINCKLEY, ALLEN & SNYDER LLP
*Attorneys at Law*

Joseph D. Whelan

March 22, 2002

VIA TELECOPIER

Scott R. Schaffer, Esq.
Alba Alessandro, Esq.
Wilson, Elser, Moskowitz,
Edelman & Dicker LLP
150 East 42nd Street
New York, NY 10017-5639

| | | | |
|---|---|---|---|
| Re: | Policy No. | : | LN20629459 |
| | Insured | : | Family Service, Inc. |
| | Claimant | : | Heather Harmon |
| | Our File No. | : | 04899.00041 |
| | | and | |
| | Claimant: | | Legion Insurance Company |

Dear Scott and Alba:

This is to confirm the terms of the global settlement of the above-referenced matters. The underlying case, Heather Harmon v. Family Services, Inc. and Brooke Bourassa, C.A. No. 99-6232, has been settled with plaintiff for $27,500. Of that amount, Family Services will pay $20,000 and Legion Insurance Company will pay $7,500. Legion will also pay all legal fees incurred in the underlying action. This settlement will also include Legion's dismissal of Legion Insurance Company v. Family Services, Inc. and Brooke Bourassa, C.A. No. 02-045T with prejudice. Please call me immediately if this is not your understanding of the settlement.

Very truly yours,

Joseph D. Whelan

JDW:cl
479129v1
(36926/109717)

# Exhibit B

JAN - 5 2007

# *RHODE ISLAND INSURER'S INSOLVENCY FUND*

*One Bowdoin Square*
*Boston, MA 02114-2916*

JOSEPH WHELAN, ESQ.
HINCKLEY, ALLEN & SNYDER, LLP
1500 FLEET CENTER
PROVIDENCE, RI 02903

January 4, 2007

Re: Hannon v. Family Service, Inc.
**CIGA File No:** 212893

Dear Attorney Whelan:

Here is the check for the portion of the settlement that Legion agreed to fund. As for the unpaid legal fees, Legion Insurance In Liquidation is responsible.

In March 2002, Legion agreed to pay $7,500 towards the total settlement of $27,500. In addition, Legion agreed to pay your fees in the underlying claim. Heather Harmon's settlement qualifies as a "covered claim" under the state's "insolvency statute" (RI Gen. Laws §§ 27-34-01 to 27-34-19). However, the law does not allow the Fund to pay pre-insolvency expenses.

Section 27-34-08 of the law is titled "Powers And Duties of the Fund." Paragraph (a) (3) reads:

> (a) The fund shall:
>
> (3) Allocate claims paid and expenses incurred among the three (3) accounts separately, and assess member insurers separately for each account amounts necessary to pay the obligations of the fund under subdivision (1) of this subsection subsequent to an insolvency, the expenses of handling covered claims subsequent to an insolvency and other expenses authorized by this chapter.

Legion In Liquidation was responsible for the pre-insolvency expenses and, to the best of my knowledge, has been meeting their obligations. I have located the person at Legion who is handling this claim. He is Deams Fishman. His phone number is 215-963-4335. He is locates at Legion Insurance Company In Liquidation, Post Office Box 59239, Philadelphia, PA 19102. Legion's claim number is 0489900041.

As I reviewed the file yesterday, I came across the attached letter from Wilson, Elser, Moskowitz, to Legion. Wilson, Elser was acting as a third party

administrator for Legion. Their July 23, 2002 letter included several invoices from your firm as well as that of Vetter & White. On page three you will find an acknowledgement of two billing statements totaling $18,122.32 and a notation that the rehabilitation order prohibited Legion from paying these. All prior and subsequent fees seem to have been paid. This would appear to be the unpaid fees that you have been trying to recover.

I suggest that you communicate with Mr. Fishman to arrange reimbursement.

There is more information on our web site, www.gfms.org. The state's "insolvency statute" can be found by following the link to "Rhode Island Insurers Insolvency Fund" from our home page and then the link to "State Law." If you have any questions or wish to contact me, my direct line is (617) 603-4755. The number of the facsimile machine is (617) 305-0144, and my e-mail address is ghosman@gfms.org.

Sincerely,

Gerard Hosman

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
150 East 42nd Street, New York, New York 10017-5639 Tel: (212) 490-3000 Fax: (212) 490-3038
*New York • Los Angeles • San Francisco • Washington, DC • Newark • Philadelphia • Baltimore • Miami • Chicago*
*White Plains, NY • Dallas • Albany, NY • San Diego • Houston • Garden City, NY • Boston • London*
*Affiliate Offices: Paris • Berlin • Cologne • Frankfurt • Munich*
www.wemed.com

July 23, 2002

**ATTORNEY/CLIENT**
**PRIVILEGED COMMUNICATION**
**SUPPLEMENTAL REPORT**

**REQUEST FOR FUNDS:**
Defense Costs - $379.00
Legion DJ Counsel Fees - $1,973.98

Elliot R. Glantz, Esq.
Senior Claims Supervisor
LEGION INSURANCE COMPANY
P.O. Box 59239
Philadelphia, PA 19102

| | | | |
|---|---|---|---|
| Re: | Claim No. | : | TBA |
| | Policy No. | : | LN20629459 |
| | Insured | : | Family Service, Inc. |
| | Claimant | : | Heather Harmon |
| | D/Claim | : | August 31, 1998 |
| | D/Loss | : | January 6, 1999 |
| | Policy Period | : | 07/01/98 - 07/01/99 |
| | Limit of Liability | : | $2 million |
| | Deductible | : | $0 |
| | Non-Profit Organization Liability Insurance | | |
| | Our File No. | : | 04899.00041 |

Dear Mr. Glantz:

This will supplement our prior reports, including our most recent report of March 27, 2002, and bring you current with respect to the status of the above-referenced matter.

## EXECUTIVE SUMMARY

A Charge of Discrimination was filed with the Rhode Island Commission for Human Rights ("RICHR") and the U.S. Equal Employment Opportunity Commission alleging that the insured Family Services, Inc. ("FSI") committed sexual harassment and discrimination in violation of the Rhode Island Fair Employment Practices Act and Title VII of the U.S. Civil Rights Act of 1964. The claimant, a lesbian, alleged that her female supervisor (Brooke Bourassa) made unwanted sexual advances towards her and made derogatory comments regarding her sexual orientation. The insured denied any allegations of wrongful employment practices. The RICHR, which had assumed jurisdiction over the Charge, dismissed the

proceeding and issued a "right to sue" letter. The claimant then commenced a private action in Providence County, Rhode Island Superior Court. Legion had been "defending" this claim pursuant to a reservation of rights and had consented to the insured's retention of its defense counsel of choice.

## STATUS UPDATE/FURTHER ACTIONS TO BE TAKEN

We previously reported that a settlement of the underlying claim for the amount of $27,500 had been negotiated, wherein the insured was to pay $20,000 and Legion was to contribute $7,500. The agreement also included the dismissal of the DJ action with prejudice upon receipt of an executed Claim Release and Legion's satisfaction of defense costs through consummation of the settlement.

Shortly thereafter, Legion was placed into Rehabilitation by the Insurance Commissioner and the Commonwealth Court of Pennsylvania. As per the terms of the Rehabilitation Order, we advised defense counsel that (1) the claim against Legion's insureds were to be stayed for ninety days and (2) Legion could not make any claim payments (i.e., issue the settlement funds) without explicit direction within the discretion of the Rehabilitator. To this end, we understand that the Rehabilitator is not making any indemnity payments on behalf of Legion insureds.

Defense counsel was quite agitated about these developments but proceeded forward with the settlement (rather than seeking to effect a stay) by having the named insured make the entire $27,500 settlement payment to the claimant. A Stipulation and Order of Dismissal with Prejudice was filed with the Providence County, Rhode Island Superior Court on April 30, 2002.

With respect to Legion's action for declaratory relief ("DJ action") against the insureds, we had had Legion's DJ counsel afford counsel for the insureds (their same counsel as in the underlying claim) a liberal extension of time to respond to the complaint whilst the underlying settlement was being negotiated. This was also prior to the Commonwealth Court's entry of the Legion Rehabilitation Order. Legion's counsel then filed a motion for a stay of the DJ action pursuant to the terms of the Rehabilitation Order. The motion remains pending.

In the interim, the named insured's counsel filed an Answer and Counterclaim in the DJ action. A courtesy copy is enclosed for Legion in Rehabilitation. The Answer essentially denies the applicability of the coverage defenses raised in Legion's DJ Complaint. The Counterclaim sets forth counts for breach of contract and bad faith in connection with Legion's "refusal" (we would term it "inability") to make its $7,500 contribution to the settlement.

## RESOLUTION STRATEGY/FURTHER ACTION TO BE TAKEN

With respect to the Counterclaim, Legion's DJ counsel is seeking an extension of time to reply to the Counterclaim of thirty days after the termination of the stay (if it is granted by the court) or thirty days after the court's determination not to grant the stay. Given the liberal extension of time afforded to insureds' counsel to respond to Legion's Complaint reciprocal courtesy is anticipated. If for some reason the stay is not granted and/or FSI's counsel does not afford an extension of time, Legion's reply would be due on August 7. We have already outlined appropriate responses to the allegations in the Counterclaim with Legion's DJ counsel whom

will be ready to file a reply if need be. Alternatively, Legion's Rehabilitator could approve the indemnity payment of $7,500 so that the settlement of the insurance aspect of this claim might be consummated.

## REQUEST FOR FUNDS

**Defense Counsel In Underlying Claim:**

*Pre-Rehabilitation Order (Pre-April 1, 2002)*

Enclosed please find defense counsel's billing statements dated: March 26, 2002 (for the month of February 2002) in the amount of $534.80; and April 25, 2002 (for the month of March 2002) in the amount of $17,587.52. We understand that pursuant to the terms of the Rehabilitation Order, Legion is not satisfying defense costs incurred prior to April 1. Hence, we are **not** requesting these funds aggregating to $18,122.32 at this time.

*Post-Rehabilitation Order (Post-April 1, 2002)*

Enclosed please find defense counsel's billing statements dated: May 8, 2002 (for the month of April 2002) in the amount of $230.00; and June 24, 2002 (for the month of May 2002) in the amount of $149.00. These billing statements aggregate to the sum of $379.00. We find the billing statements to be reasonably dedicated to the settlement of the Harmon claim. **We therefore request that PIA, in consultation with Legion and the re-insurance Underwriters, issue a check payable to "Family Service, Inc." in the amount of $379.00.** The named insured's federal tax identification number is 050258858. Kindly forward the check to our attention and we shall pass it along to defense counsel for ultimate transmittal to the named insured.

**Legion DJ Counsel Fees:**

*Pre-Rehabilitation Order (Pre-April 1, 2002)*

Enclosed please find Legion DJ counsel's billing statement dated April 12, 2002 (for the month of March 2002) in the amount of $780.13. We understand that pursuant to the terms of the Rehabilitation Order, Legion is not satisfying its own attorney's fees incurred prior to April 1. Hence, we are **not** requesting these funds at this time.

*Post-Rehabilitation Order (Post-April 1, 2002)*

Enclosed please find Legion DJ counsel's billing statements dated: May 7, 2002 (for the month of April 2002) in the amount of $489.78; and June 5, 2002 (for the month of May 2002) in the amount of $704.07. These billing statements aggregate to the sum of $1,193.85. We find the billing statements to be dedicated to the prosecution of the DJ action. **We therefore request that PIA, in consultation with Legion and the re-insurance Underwriters, issue a check payable to "Vetter & White" in the amount of $1,193.85.** Legion DJ counsel's federal tax identification number is 05-0391104. Kindly forward the check to our attention and we shall pass it along to Legion DJ counsel.

**RESERVE RECOMMENDATIONS**

We continue to recommend the most recently established reserves:

| | |
|---|---|
| LOSS | : |
| (PAID LOSS) | |
| DEFENSE (RESERVE) | : |
| (PAID) DEFENSE COSTS | : |
| DJ COUNSEL RESERVES | : |
| (PAID) DJ COUNSEL FEES | : |
| DEDUCTIBLE | : |
| NET O/S TO PIA/LEGION/UWs | : |

Very truly yours,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Scott R. Schaffer

cc: Mr. Mark Rattner, President
PROFESSIONAL INDEMNITY AGENCY, INC.
37 Radio Circle Drive
P.O. Box 5000
Mt. Kisco, NY 10549-5000

UNDERWRITERS AT INTEREST
c/o Rattner MacKenzie, Ltd.
Walsingham House
35 Seething Lane
London, EC3M 4AH, England

Attn: Mr. Greg Smith
Claims Department

[1] Includes $8,451.21 in funds requested prior to the Rehabilitation but not paid before Order issued.

# Exhibit C

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
150 East 42nd Street, New York, New York 10017-5639 Tel: (212) 490-3000 Fax: (212) 490-3038

*New York • Los Angeles • San Francisco • Washington, DC • Newark • Philadelphia • Baltimore • Miami*
*Chicago • White Plains, NY • Dallas • Albany, NY • San Diego • Houston • Garden City, NY • London*
*Affiliate Offices: Paris • Berlin • Cologne • Frankfurt • Munich • Wiesbaden*

www.wemed.com

March 25, 2002

**VIA FACSIMILE**
**(401) 277-9600**

Joseph Whelan, Esq.
HINCKLEY, ALLEN & SNYDER
1500 Fleet Center
Providence, Rhode Island 02903-2393

Re: Policy No. : LN20629459
Insured : Family Service, Inc.
Claimant : Heather Harmon
Non-Profit Organization Liability Insurance
Our File No. : 04899.00041

Dear Joe:

We are pleased to acknowledge receipt of your letter dated March 22, 2002.

We agree with the terms of the global settlement which you set forth in the letter. In one of our conversations last week, we had also discussed the additional term that the settlement be finalized along with a full Claim Release between Legion Insurance Company and the insureds. This goes hand in hand with the dismissal of Legion's DJ action.

We look forward to receiving a draft of the underlying settlement agreement as between the claimant Heather Harmon, FSI and Brooke Bourassa. We shall undertake to draft the Claim and get this to you promptly as well.

Thank you for your continued cooperation in this matter.

Very truly yours,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Scott R. Schaffer

1095293.1

cc: **VIA FACSIMILE**
**(401) 272-6803**

Kimberly A. Simpson
Vetter & White
20 Washington Place
Providence, RI 02903