UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LEGION INSURANCE COMPANY, Plaintiff, v. | : | C.A. NO. 02-045T |
| FAMILY SERVICE, INC. and BROOKE BOURASSA, Defendants. | : | |
| FAMILY SERVICE, INC. and BROOKE BOURASSA, Third Party Plaintiffs, v. | : | |
| RHODE ISLAND INSURERS' INSOLVENCY FUND, Third Party Defendant. | : | |

## THIRD PARTY COMPLAINT

Defendants Family Service, Inc. and Brooke Bourassa (referred to collectively as "Family Service") bring this third-party complaint against the Rhode Island Insurers' Insolvency Fund to obtain payment for claims covered under an insurance policy issued by the Plaintiff, Legion Insurance Company ("Legion"). Because Legion is now insolvent, Family Service seeks payment from the Rhode Island Insurers' Insolvency Fund to avoid financial loss.

## Parties and Jurisdiction

1. Family Service, Inc. ("Family Service") is a Rhode Island non-profit corporation with its principal offices at 55 Hope Street, Providence, Rhode Island.

2. Legion Insurance Company ("Legion"), upon information and belief, is a Pennsylvania corporation in liquidation, with its principal place of business in Philadelphia, Pennsylvania.

3. The Rhode Island Insurers' Insolvency Fund (the "Insolvency Fund") is a non-profit unincorporated legal entity created by The Rhode Island Insurers' Insolvency Fund Act, R.I. Gen. Laws §§ 27-34-1, *et seq*.

4. The Court has jurisdiction over this action pursuant to Rule 14(a) of the Federal Rules of Civil Procedure.

**Facts**

5. Legion issued a Non-Profit Organization Liability Insurance Policy to Family Service, effective as of July 1, 1998.

6. During the period from July 1, 1998 to July 1, 1999, Family Service was an insured under policy number LN20629459 (the "Policy").

7. At all relevant times, Family Service complied with any and all conditions precedent for coverage under the Policy.

8. In connection with a discrimination suit by a former employee, Family Service brought a claim for coverage against Legion, pursuant to the Policy.

9. Legion retained Scott R. Schaffer, Esq. and the firm of Wilson, Elser, Moskowitz, Edelman & Dicker LLP to represent it in connection with Family Service's claim for coverage.

10. In or about January 2002, the day before a trial calendar call at the Rhode Island Superior Court, Legion's counsel: (i) reaffirmed Legion's request for greater participation in a proposed settlement between Family Service and the former employee and (ii) indicated that they were going to file suit against Family Service.

11. On or about January 18, 2002, Legion filed a suit for declaratory judgment against Family Service in the United States District Court for the District of Rhode Island. This suit is captioned Legion Insurance Co. v. Family Service, Inc. and Brooke Bourassa, C.A. No. 02-045T.

12. On or about March 22, 2002 attorneys for Family Service confirmed with Legion's counsel the terms of a "global settlement" with Family Services's former employee.

13. In a letter dated March 25, 2002, Legion's counsel acknowledged Legion's agreement to the "global settlement."

14. On or about March 28, 2002, the Commonwealth Court of Pennsylvania placed Legion into rehabilitation, entered in Koken v. Legion Ins. Co., No. 183 M.D. 2002.

15. Upon information and belief, on or about July 28, 2003 the Commonwealth Court of Pennsylvania ordered Legion into liquidation.

**Count I**
**(R.I. Gen. Laws § 27-34-1 – Rhode Island Insurers' Insolvency Act)**

16. Family Service restates the allegations contained in paragraphs 1 through 15 as if fully set forth herein.

17. Legion is in liquidation and is insolvent.

18. Family Service is a bona fide claimant under the Policy and "global settlement" with Legion.

19. As a Legion policyholder with claims covered by the Policy and settlement agreements entered into with Legion's approval, Family Service stands to suffer financial loss due to the insolvency of its insurer.

**Demand for Relief**

WHEREFORE, Family Service requests the Court to enter judgment against the Rhode Island Insurers' Insolvency Fund, as follows:

A. Judgment against the Rhode Island Insurers' Fund for all sums that may be adjudged against Legion in favor of Family Service in the matter of Legion Insurance Co. v. Family Service, Inc. and Brooke Bourassa, C.A. No. 02-045T; and

B. Award Family Service all other legal or equitable relief as the Court deems necessary and proper, including any and all benefits afforded by the terms of the Policy and "global settlement," and all attorneys' fees incurred in connection with this matter

**FAMILY SERVICE CLAIMS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

FAMILY SERVICE, INC. and BROOKE BOURASSA

By their attorneys,

/s/ Matthew P. Horvitz
Joseph D. Whelan (#5694)
Matthew P. Horvitz (#7289)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600 (fax)
jwhelan@haslaw.com
mhorvitz@haslaw.com

Dated: April 13, 2007

**CERTIFICATE OF SERVICE**

To:

Brooks R. Magratten, Esq.
Kimberly A. Simpson, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

I hereby certify that on April 13, 2007, a copy of the foregoing Third Party Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Matthew P. Horvitz

#785852