UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LEGION INSURANCE COMPANY, Plaintiff | ) | |
| v. | ) | C.A. No. 02-0045/T |
| FAMILY SERVICE, INC. and BROOKE BOURASSA, Defendants | ) | |

**PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Legion Insurance Company (In Liquidation) objects to defendants' motion for summary judgment and files herewith a Statement of Disputed and Undisputed Facts, the Affidavit of Robert Lenahan and a memorandum of law.

/s/ Brooks Magratten
Brooks R. Magratten, Esq. #3585
Kimberly A. Simpson, Esq. #4803
Attorneys for Plaintiff
Legion Insurance Company (In Liquidation)
VETTER & WHITE
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 [FAX]

Date: April 25, 2007

# CERTIFICATE OF SERVICE

To:

Joseph D. Whelan, Esq.
Matthew P. Horvitz, Esq.
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903

I hereby certify that I electronically filed the within Plaintiff's Objection To Defendants' Motion For Summary Judgment on April 25, 2007. The Objection is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above listed counsel of record has been effectuated by electronic means.

/s/ Brooks R. Magratten

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LEGION INSURANCE COMPANY,<br>Plaintiff<br><br>v.<br><br>FAMILY SERVICE, INC. and<br>BROOKE BOURASSA,<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 02-0045/T |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Legion Insurance Company (In Liquidation) objects to defendants' motion for summary judgment.

## I. FACTS

Legion instituted this action on January 18, 2002, seeking a declaration pursuant to 28 U.S.C. §§2201 and 2202 of the rights, duties and liabilities of the parties with respect to an employment discrimination claim brought against defendants Family Service, Inc. (FSI) and Brooke Bourassa. On March 28, 2002, Legion was placed into Rehabilitation in accordance with the provisions of Article V of The Pennsylvania Insurance Act, 40 P.S. §§221.1-221.63 (the "Rehabilitation Order"). See Plaintiff's Statement of Disputed and Undisputed Facts ("SDUF"), ¶ 3. That order enjoined any further claims against Legion insureds and the prosecution of actions against Legion.

In accordance with the Rehabilitation Order, Legion moved to stay all proceedings in this case for 90 days. This Court granted Legion's motion on July 5, 2002. FSI filed its answer and counterclaims on July 15, 2002. FSI's counterclaims included a request for a declaratory

judgment as to the rights and liabilities of the parties under the terms of the insurance policy and settlement agreement, and damages for breach of contract and bad faith. Defendant Bourassa filed similar counterclaims on November 12, 2002. Defendants sought a $7500 contribution from Legion toward the settlement of the underlying employment discrimination claim and payment of $18,122.32 in defense costs. This Court extended the stay in this action until September 27, 2002.

On August 29, 2002, Legion's Rehabilitator filed a Petition for Liquidation. On September 25, 2002, the Commonwealth Court extended the stay of proceedings through December 1, 2002, pending a hearing on that Petition. On October 16, 2002, this Court ordered Legion to show cause as to why the declaratory action should not be dismissed. On December 13, 2002, at the show cause hearing, this Court determined that:

> The question of the declaratory judgment action is now moot. The declaratory judgment action has been replaced by a dispute over the terms upon which the parties have agreed to resolve the coverage question.
>
> So I find that Legion has failed to show cause why its claim for declaratory judgment ought not to be dismissed and it is hereby dismissed.

See Exhibit A appended hereto, Hearing Transcript, page 27. This Court thereafter extended the stay of proceedings until approximately September, 2005.

Defendants on April 4, 2007 filed this motion for summary judgment and, on April 13, 2007, a third-party complaint against the Rhode Island Insurers' Insolvency Fund. The Insolvency Fund has paid the $7500 contribution toward settlement. All that remains at issue is defendants' counterclaim for $18,122.32 in defense costs. SDUF, ¶9.

## III. ARGUMENT

### a. Defendants Have Failed to Exhaust Administrative Remedies.

The Court should not grant defendants' motion for summary judgment because defendants failed to pursue the appropriate administrative procedures set forth in the Liquidation Order and 40 P.S. §§ 221.37 et seq., which require a claimant to present a proof of claim to the Liquidator. All that remains of this action is defendants' claims against Legion -- which turn on whether the alleged settlement agreement is enforceable. That issue must be adjudicated administratively.

The Supreme Court has held that "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." Trafalgar Capital Assocs. v. Cuomo, 159 F.3d 21, 36 (1st Cir. 1998) (quoting Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50-51 (1938)). When Congress explicitly requires that administrative remedies must be pursued before seeking judicial relief, litigants must obviously follow that mandate. Trafalgar, 159 F.3d at 36. See also Drinkwater v. Metro Life Ins., 846 F.2d 821, 825-26 (1st Cir. 1988); Tarr v. State Mut. Life Assur. Co. of Am., 913 F. Supp. 40, 44 (D. Mass. 1996); cf. McCarthy v. Madigan, 503 U.S. 140, 144 (1992) ("Where Congress specifically mandates, exhaustion is required. But where Congress has not clearly required exhaustion, sound judicial discretion governs.") Moreover, requiring exhaustion of administrative remedies normally "serves the interests of accuracy, efficiency, agency autonomy and judicial economy." Ezratty v. Puerto Rico, 648 F.2d 770, 774 (1st Cir. 1981).

Congress has explicitly mandated that states retain a "primary regulatory role over the insurance industry," by enacting the McCarran-Ferguson Act, 15 U.S.C. §§ 1011 et seq., in 1945.

Elliot v. Fortis Benefits Ins. Co., 337 F.3d 1138, 1142 n.3 (9th Cir.), cert. denied, 540 U.S. 1090 (2003). The McCarran-Ferguson Act, 15 U.S.C. §§ 1011 et seq. includes a provision providing that "no Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance..." 15 U.S.C. §§ 1012(b). Congress enacted the McCarran-Ferguson Act primarily because it was concerned with "the type of state regulation that centers around the contract of insurance...the relationship between insurer and insured, the type of policy which could be issued, its reliability, its interpretation, and enforcement...Statutes aimed at protecting or regulating this relationship, directly or indirectly, are laws regulating the business of insurance." Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 725, 743-744 (1985) (internal quotation marks omitted). Accordingly, Pennsylvania, like most states, has a strong interest in regulating insurance companies through a complex regulatory scheme with which a federal court should not interfere. See General Glass v. Monsour Medical Found., 973 F.2d 197, 201 (3rd Cir. 1992); Maleski v. D.P. Realty Trust, 896 F. Supp. 176, 178 (E.D. Pa. 1994).

There are several important policy considerations that favor administrative exhaustion: it permits the agency to develop the necessary factual background upon which decisions should be based; it allows the agency to exercise its discretion or apply its expertise; it improves the efficiency of the administrative process; it conserves judicial resources because the complaining party may vindicate rights on the administrative level without the need for court intervention; it gives the agency a chance to discover and correct its own errors; and it avoids the possibility that frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures. See Torres v. Alvarado, 143 F. Supp. 2d 172, 178 (D.R.I. 2001).

Because a determination on defendants' motion of summary judgment will have no bearing on defendants' ability to recover from Legion (see Liquidation Order, ¶17), it is a waste of judicial resources to proceed with this action. Defendants have been provided the necessary proof of claim forms yet have not followed administrative procedures. SDUF, ¶7. All parties are better served by denying the motion, and indeed dismissing defendants' counterclaims without prejudice, so defendants will pursue the sole available avenue for relief – the administrative procedures provided in the Liquidation Order and Pennsylvania Insurance Act.

b. This Court Cannot Grant Defendants' Motion Because <u>They Have Not Established A Binding Settlement Agreement</u>

While Mr. Whelan's March 22, 2002 letter (defendants' memorandum, Exhibit A) proposed basic terms of settlement, Mr. Schaffer's March 25, 2002 reply (defendants' memorandum, Exhibit C) imposed an additional term: "that the settlement be finalized along with a full Claim Release between Legion Insurance Company and the insureds." There is no evidence that defendants agreed to this additional term. Nor is there any evidence that defendants in fact provided a "full Claim Release." SDUF, ¶8.

Moreover, when an order of liquidation is entered under the Pennsylvania Insurance Act, the Liquidator is empowered to dispose of the insurer's assets, borrow money in the name of the insurer, enter into contracts, assert defenses available to the insurer, and exercise all rights and powers of any creditor, shareholder, policyholder or member. <u>Koken v. One Beacon Ins. Co.</u>, 911 A.2d 1021, 1029 (Pa. Commw. 2006). Pennsylvania law grants the Liquidator the power to "enter into such contracts as are necessary to carry out the order to liquidate, and to affirm or disavow any contracts to which the insurer is a party." 40 P.S. § 221.23(11). Therefore, in order for the settlement agreement to be enforceable, Legion's Liquidator must affirm it (see

Liquidation Order, ¶13). Without such a determination, defendants cannot recover from an alleged breach of contract, regardless of how this Court decides this motion.

Pennsylvania law grants the insurer's liquidator broad discretion in determining how its assets are distributed. "...this Court has held repeatedly that the Liquidator has broad discretion to fix the rights and liabilities of claims...and that the Court must defer to the Liquidator's authority and discretion in the administration of liquidation...." Koken v. Colonial Assurance Co., 885 A.2d 1078, 1094 (Pa. Commw. 2005) (citing 40 P.S. § 221.23). The Liquidator "shall be vested by operation of law with title to all of the insurer's property, contracts and rights of action and all of its books and records, wherever located..." Id. (citing 40 P.S. § 221.20(c)).

Defendants have not established an enforceable agreement against Legion. They have not shown compliance with the terms of the agreement, nor have they obtained the Liquidator's affirmation of the agreement.

## CONCLUSION

For these reasons plaintiff requests that defendants' motion for summary judgment be denied.

/s/ Brooks R. Magratten
Brooks R. Magratten, Esq. #3585
Kimberly A. Simpson, Esq. #4803
Attorneys for Plaintiff
Legion Insurance Company (In Liquidation)
VETTER & WHITE
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 [FAX]

Date: April 25, 2007

CERTIFICATE OF SERVICE

To:

Joseph D. Whelan, Esq.
Matthew P. Horvitz, Esq.
Attorneys for Defendants
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903

I hereby certify that I electronically filed the within Memorandum In Support Of Plaintiff's Objection To Defendants' Motion For Summary Judgment on April 25, 2007. The Memorandum is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above listed counsel of record has been effectuated by electronic means.

/s/ Brooks R. Magratten

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| * * * * * * * * * * * * * * | CIVIL ACTION |
| LEGION INSURANCE CO. * | NO. 02-045T |
| Plaintiff * | |
| * | FRIDAY, |
| VS. * | DECEMBER 13, 2002 |
| * | |
| FAMILY SERVICE, INC. * | |
| Defendant * | |
| * * * * * * * * * * * * * * | Providence, RI |

HEARD BEFORE THE HONORABLE ERNEST C. TORRES
CHIEF JUDGE
(MOTIONS)

**A-P-P-E-A-R-A-N-C-E:**

For the Plaintiff: Kimberly A. Simpson, Esquire
Vetter & White, Inc.
20 Washington Place
Providence, RI 02903

For the Defendant: Joseph D. Whelan, Esquire
Hinckley, Allen & Snyder
1500 Fleet Center
Providence, RI 02903

Court Reporter: Judith L. Montie
267 John O. Pastore Bldg.
2 Exchange Terrace
Providence, RI 02903

Pennsylvania of whatever they're due. That's simply not the case. Nor is there any threat that Legion's assets would be dissipated by continuing to litigate that matter here because there is no matter to litigate here. The matter has been resolved by means of a settlement agreement. There was a settlement agreement between the parties.

Now, the parties may disagree as to what the settlement agreement says or whatever, but the question of the declaratory judgment action is now moot. The declaratory judgment action has been replaced by a dispute over the terms upon which the parties have agreed to resolve the coverage question.

So I find that Legion has failed to show cause why its claim for declaratory judgment ought not to be dismissed and it is hereby dismissed.

Now, as to Family Service's motion to enforce the alleged settlement agreement, a settlement agreement can be enforced in one of two ways. If the case to which the agreement relates is still pending, then a motion may be brought in that case to enforce the

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LEGION INSURANCE COMPANY,<br>Plaintiff<br><br>v.<br><br>FAMILY SERVICE, INC. and<br>BROOKE BOURASSA,<br>Defendants | ) | C.A. No. 02-0045/T<br><br><br><br>**AFFIDAVIT OF**<br>**ROBERT LENAHAN** |

COMMONWEALTH OF PENNSYLVANIA )
) ss.
COUNTY OF PHILADELPHIA )

Robert Lenahan, being duly sworn, says:

1. I am a/the Associate General Counsel of Legion Insurance Company In Liquidation. My responsibilities include providing legal advice concerning the administration of claims against the Estate of Legion Insurance.

2. On or about March 28, 2002 The Commonwealth Court of Pennsylvania placed Legion Insurance Company in rehabilitation pursuant to Article V of the Pennsylvania Insurance Department Act of 1921, Act of May 17, 1921, P.L. 789, as amended, 40 P.S. §§221.1-221.63 ("Rehabilitation Order"). See Exhibit A.

3. On July 25, 2003 the Commonwealth Court declared Legion insolvent and ordered it to be liquidated pursuant to Article V of the Pennsylvania Insurance Act, 40 P.S. §§221.1-221.63 (the "Liquidation Order"). See Exhibit B. The Liquidation Order terminated the Rehabilitation Order.

4. The Liquidation Order remains in effect today.

5. I am familiar with the records of a claim by Family Service, Inc. relating to an

employment discrimination claim asserted by Heather Harmon.

6. According to the March 25, 2002 letter by Scott R. Schaffer (Exhibit C to defendants' motion) a condition of settlement was the defendants' provision of "a full Claim Release between Legion Insurance Company and the insureds." I am not aware that defendants ever provided Legion with "a full Claim Release".

7. According to Legion's records defendants never obtained the affirmation or approval of any settlement agreement by Legion's Rehabilitator or Liquidator.

8. The Liquidation Order establishes an administrative procedure, consistent with the Pennsylvania Insurance Act, for claimants to submit to the Liquidator a proof of claim. Although two proof of claim forms were provided to defendants on or about October 15, 2003 and June 7, 2004, I have no record of defendants' having submitted a proof of claim respecting the Harmon action.

9. Legion in Liquidation is prohibited from paying any claimant like defendants who have not complied with the proof of claim procedure of the Liquidation Order.

Robert A Lenahan

Robert Lenahan

Subscribed and sworn to
before me on this 24th
day of April, 2007.

Susan Barrett

NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
SUSAN BARRETT Notary Public
City of Philadelphia, Phila. County
My Commission Expires December 22, 2009

SUSAN BARRETT COMMONWEALTH OF PENNSYLVANIA NOTARY PUBLIC

## CERTIFICATE OF SERVICE

To:

Joseph D. Whelan, Esq.
Matthew P. Horvitz, Esq.
Attorneys for Defendants
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903

I hereby certify that I electronically filed the within Affidavit of Robert Lenahan on April 25, 2007. The Affidavit is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above listed counsel of record has been effectuated by electronic means.

/s/ Brooks R. Magratten

# Exhibit A

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

M. Diane Koken,
Insurance Commissioner of the
Commonwealth of Pennsylvania,

Plaintiff

v.

Legion Insurance Company
One Logan Square, Suite 1400
Philadelphia, PA 19103

Defendant

Docket No. 183 M.D. 2002

**ORDER**

AND NOW, this 28TH day of MARCH, 2002, upon consideration of the Petition for Rehabilitation ("Petition") filed by the Insurance Commissioner of the Commonwealth of Pennsylvania ("Commissioner"), the Court hereby finds that it is in the best interest of Legion Insurance Company ("Legion"), its policyholders, creditors, and the public, that Legion be placed into Rehabilitation in accordance with provisions of Article V of the Insurance Department Act of 1921, Act of May 17, 1921, P.L. 789, as amended, 40 P.S. §§221.1-221.63, and that sufficient grounds exist for the entry of an Order of Rehabilitation ("Order"), based on Legion's consent to rehabilitation under 40 P.S. §221.14(12). NOW, therefore, it is hereby ORDERED, ADJUDGED AND DECREED that:

1. The Petition for Rehabilitation filed by the Commissioner is granted.

2. Effective April 1, 2002, Legion is hereby placed in rehabilitation pursuant to the provisions of Article V of the Insurance Department Act, supra.

3. M. Diane Koken, Insurance Commissioner of the Commonwealth of Pennsylvania, is, and her successors in office are, hereby appointed Rehabilitator of Legion, directed to take immediate possession of its property, business and affairs as Rehabilitator pursuant to the provisions of Article V of the Insurance Department Act, supra, and to take such action as the nature of this case and the interests of the policyholders, creditors, or the public may require.

4. The Rehabilitator shall have full powers and authority given the Rehabilitator under Article V of the Insurance Department Act, supra, and under provisions of all other applicable laws, as are reasonable and necessary to fulfill the duties and responsibilities of the Rehabilitator under Article V of the Insurance Department Act, supra, and under this Order.

## ASSETS OF THE ESTATE

5. As provided in Section 515(c) of Article V of the Insurance Department Act, supra, as Rehabilitator, the Commissioner is hereby directed to take possession of the assets, contracts and rights of action of Legion, of whatever nature and wherever located, whether held directly or indirectly. According to Section 515(c), supra, "the

filing or recording of this Order with the clerk of the Commonwealth Court or recorder of deeds of the county in which the principal business of Legion is conducted, or the county in which its principal office or place of business is located, shall impart the same notice as a deed, bill of sale or other evidence of title duly filed or recorded with that recorder of deeds would have imparted."

6. All banks, investment bankers, or other companies, entities, or persons having in their possession assets which are, or may be, the property of Legion are hereby ordered to advise the Rehabilitator, and any agents and attorneys for the Rehabilitator (collectively, the "Rehabilitator") immediately of such assets and to identify such assets for the Rehabilitator, and are further ordered not to disburse, convey, transfer, pledge, assign, hypothecate, encumber or in any manner dispose of such assets without the prior written consent of, or unless directed in writing by, the Rehabilitator. Any checks or other payments which have, as of the date of this Order, been actually mailed or actually delivered to the payee will, provided same are otherwise proper and in compliance with relevant law, be honored without prejudice to the rights of the Rehabilitator regarding recoupment from the recipient. Such persons and entities, and all other persons and entities, are enjoined from disposing of or destroying any records pertaining to any business transactions between Legion and banks, brokerage houses or other persons or companies having done business with Legion or having in their possession assets, which are, or were, the property of Legion.

7. All insurance agents, managing general agents, brokers or other persons having sold policies of insurance and/or collected premiums on behalf of Legion shall account for all earned premiums and commissions and shall account for and pay all premiums and commissions unearned due to policies canceled in the normal course of business, directly to the Rehabilitator at the offices of Legion within 30 days of the date of this Order, or the date of receipt, whichever is later, or appear before this Court to show good cause as to why they should not be required to account to the Rehabilitator. No insurance agent, broker, or other person shall use premium monies owed to Legion for any purpose other than payment to the Rehabilitator.

8. At the request of the Rehabilitator, all attorneys employed or retained by Legion as of the date of this Order shall, within 30 days of such request, report to the Rehabilitator the name, company claim number, if applicable, and status of each case or matter they are handling on behalf of Legion. The Rehabilitator need not make payment for any unsolicited reports.

9. At the request of the Rehabilitator, any company providing telephone service to Legion shall provide new telephone numbers and refer calls from the numbers presently assigned to Legion to any such new numbers and perform any other changes necessary to the conduct of the Rehabilitation of Legion.

10. Any premium finance company which has entered into a contract to finance a policy which has been issued by Legion shall pay the premium owed to Legion directly to the Rehabilitator at the Offices of Legion.

11. The United States Postal Service is requested to provide any information requested regarding Legion and to handle future deliveries of Legion mail, as directed by the Rehabilitator.

12. Any entity furnishing water, electric, sewage, garbage or trash removal services to Legion shall maintain such services and transfer any such accounts to the Rehabilitator as of the date of this Order, unless instructed to the contrary by the Rehabilitator.

13. Any entity furnishing claims processing or data processing services to Legion shall maintain such services and transfer any such accounts to the Rehabilitator as of the date of this Order, unless instructed to the contrary by the Rehabilitator.

14. Any entity which has custody or control of any data processing information and records including, but not limited to, source documents, all types of electronically stored information, master tapes or any other recorded information relating to Legion, shall transfer, at the request of the Rehabilitator, custody and control of such records to the Rehabilitator.

15. At the request of the Rehabilitator, Legion, its affiliates, and its officers, directors, trustees, employees, agents and attorneys, are hereby ordered to deliver to the Rehabilitator keys or access codes to the premises where Legion conducts its business and to any safe deposit boxes, and to advise the Rehabilitator of the combinations or access codes of any safes or safe keeping devices of Legion.

16. Legion, its affiliates, and its officers, directors, trustees, employees, agents, accountants, actuaries, auditors and attorneys, are hereby ordered to identify for the Rehabilitator all of the assets, books, contracts, causes of actions, funds, documents, records, files, credit cards, work papers and related documents, investigative materials, or other property of any nature of or related to Legion, whether in paper, electronic, magnetic, or other form, to tender or make readily available to the Rehabilitator, at the Rehabilitator's request, all of the foregoing, and to advise and cooperate with the Rehabilitator in identifying and locating any of Legion's assets.

17. Except for policies or contracts of insurance, the Rehabilitator, in her discretion, may affirm or disavow any executory contracts to which Legion is a party. The entry of this Order of Rehabilitation shall not constitute an anticipatory breach of any such contracts.

## EXPENSES, POLICYHOLDER AND CERTIFICATE CLAIMS, OTHER PAYMENTS AND LAWSUITS

18. The Rehabilitator may, in her discretion, pay expenses incurred in the ordinary course of Legion's business in rehabilitation and may, in her discretion, pay the actual, reasonable, and necessary costs of preserving or recovering the assets of Legion and the costs of goods and services provided to Legion's estate. Such costs shall include but not be limited to: (a) reasonable professional fees for accountants, actuaries, attorneys and consultants with other expertise retained by the Commonwealth of Pennsylvania Insurance Department ("Department"), the Commissioner or the Rehabilitator to perform services relating to the Rehabilitation of Legion or the feasibility, preparation, implementation, or operation of a rehabilitation plan; (b) compensation and other costs related to representatives and employees of Legion or its affiliates who perform services for Legion; and (c) a reasonable allocation of costs and expenses associated with time spent by Department personnel in connection with the Rehabilitation of Legion.

19. In the event that this Court issues an order appointing the Insurance Commissioner of the Commonwealth of Pennsylvania as liquidator of Legion, the actual, reasonable and necessary costs of preserving or recovering assets of Legion and the costs of goods or services provided to and approved by Legion (In Rehabilitation), under paragraph 18 of this Order, during the period of Rehabilitation will be treated as "costs and expenses of administration," pursuant to 40 P.S. §221.44.

20. The Rehabilitator may, in her discretion, pay claims for losses, in whole or in part, under policies and contracts of insurance and loss adjustment expenses as identified in Section 544(b) of the Insurance Department Act, supra, 40 P.S. §221.44(b), provided, however, that the Rehabilitator shall not have the discretion to pay, and may not pay, bad faith claims or claims for extra-contractual charges or damages.

21. No payments of any type shall be made to any claimants of Legion as identified in Section 544(c) through (i) of the Insurance Department Act of 1921, supra, 40 P.S. §221.44(c) through (i), except in the discretion of the Rehabilitator.

22. All persons, in the Commonwealth or elsewhere, are enjoined and restrained from: (a) instituting or further prosecuting any court action (whether at law, in equity, or otherwise) or arbitration or mediation against Legion or the Rehabilitator; (b) obtaining preferences, judgments, attachments, garnishments or liens, including obtaining collateral in any litigation, mediation, or arbitration involving Legion, the Rehabilitator, or Legion's assets and property; (c) levying any execution process against Legion, the Rehabilitator or Legion's assets and property in the Commonwealth of Pennsylvania or elsewhere; or (d) making any assessments or indirectly collecting such assessments by setting them off against amounts otherwise payable to Legion.

23. Pursuant to Section 221.15(c) of the Insurance Department Act of 1921, supra, the Rehabilitator is specifically authorized, in her sole discretion, to enter into agreements to and otherwise take possession of the statutory deposits held by any state or

territory and to do all things necessary to manage and apply the deposits in accordance with any such agreements. Legion shall not post additional statutory security deposits in any state or territory.

24. a. All court actions, arbitrations and mediations currently or hereafter pending against Legion in the Commonwealth of Pennsylvania or elsewhere are hereby stayed.

b. All court actions, arbitrations and mediations currently or hereafter pending against an insured of Legion in the Commonwealth of Pennsylvania or elsewhere are stayed for ninety (90) days from the effective date of this Order or such additional time as the Rehabilitator may request.

25. No judgment, order or arbitration award against Legion or an insured of Legion entered after the date of filing of the Petition for Rehabilitation and no judgment, order or arbitration award against Legion or an insured of Legion entered at any time by default or by collusion need be considered as evidence of liability or quantum of damages by the Rehabilitator.

REINSURANCE

26. The amounts recoverable by the Rehabilitator from any reinsurer of Legion shall not be reduced as a result of this rehabilitation proceeding or by reason of any partial payment or distribution on a reinsured policy, contract or claim, and each such

reinsurer of Legion is, without first obtaining leave of this Court, hereby enjoined and restrained from terminating, canceling, failing to extend or renew, or reducing or changing coverage under any reinsurance policy or contract with Legion. The Rehabilitator may, in her discretion, terminate, rescind, or commute any contract with a reinsurer or reinsurers.

NEW OR RENEWAL BUSINESS

27. The Rehabilitator is authorized to accept or reject new, existing, or renewal business. In implementing this paragraph, the Rehabilitator shall have the discretion to, inter alia, accept, reject, or cancel new, existing or renewal business, and write renewal business for time periods less than one year.

INJUNCTION AGAINST INTERFERING WITH REHABILITATION

28. Until further order of this Court, all affiliates of Legion, persons, corporations, partnerships, associations, accountants, actuaries, auditors, counsel, custodians, and all other entities, wherever located, are hereby enjoined and restrained from interfering in any manner with the Rehabilitator's possession and rights to the assets and property of Legion and from interfering in any manner with the conduct of the rehabilitation of Legion. Those affiliates of Legion, persons, corporations, partnerships, associations, accountants, actuaries, auditors, counsel, custodians, and all other entities are hereby enjoined and restrained from wasting, transferring, selling, concealing, terminating, canceling, destroying, shredding, disbursing, disposing of, or assigning any

assets, books, contracts, causes of action, funds, records, files, credit cards, work papers and related documents, investigative materials, or other property of any nature of or related to Legion, whether in paper, electronic, magnetic, or other form.

## INJUNCTION AGAINST ACTIONS BY SECURED CREDITORS

29. All secured creditors or parties, pledgees, lienholders, collateral holders or other persons claiming secured, priority or preferred interests in any property or assets of Legion are hereby enjoined from taking any steps whatsoever to transfer, sell, assign, encumber, attach, dispose of, or exercise, purported rights in or against any property or assets of Legion.

## NOT A DECLARATION OF INSOLVENCY

30. This Order shall not be deemed a finding or declaration of insolvency such as would activate the provisions of the Pennsylvania Property and Casualty Insurance Guaranty Act, 40 P.S. §§991.1801-9911.1820, or the provisions of similar acts of any other state or territory.

## VIOLATIONS OF THIS ORDER

31. Any person violating any provision of this Order may be held in contempt of Court.

## JURISDICTION

32. This Court shall retain jurisdiction for all purposes necessary to effectuate and enforce this Order.

BY THE COURT:

_______________________ J.

Certified from the Record

MAR 2 8 2002

and Order Exit

# Exhibit B

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| M. Diane Koken, Insurance Commissioner of the Commonwealth of Pennsylvania, Plaintiff | |
| v. | No. 183 M.D. 2002 |
| Legion Insurance Company, Defendant | |

**ORDER OF LIQUIDATION**

**AND NOW**, this 25th day of July, 2003, upon consideration of the Petition for Liquidation of Legion Insurance Company (In Rehabilitation) (Legion) filed by M. Diane Koken, Insurance Commissioner of the Commonwealth of Pennsylvania, on August 9, 2002, and amended on October 18, 2002, which Petition was contested and resolved in this Court's Opinion and Order of June 26, 2003, it is hereby **ORDERED** that:

1. Legion is declared insolvent and ordered to be **LIQUIDATED** pursuant to Article V of The Insurance Department Act of 1921, Act of May 17, 1921, P.L. 789, *as amended*, 40 P.S. §§221.1 – 221.63 (Article V).

2. The Rehabilitation Order of March 28, 2002, is hereby **TERMINATED**, effective 12:00 a.m., July 28, 2003.

3. This Liquidation Order is **EFFECTIVE** 12:01 a.m., July 28, 2003.

4. Insurance Commissioner M. Diane Koken, her successor in office, if any, is hereby **APPOINTED** Statutory Liquidator of Legion and directed to take possession of Legion's property, business and affairs in accordance with Article V.

5. The Liquidator is hereby **VESTED** with all the powers, rights, and duties authorized under Article V and other applicable statute and regulation.

6. The Opinion and Order of June 26, 2003 entered in this proceeding is hereby **INCORPORATED** into and made a part of this Order of Liquidation.

## ASSETS OF THE ESTATE

7. The Liquidator is vested with title to all property, assets, contracts, and rights of actions ("assets") of Legion, of whatever nature and wherever located, held as of the date of filing of the Petition for Liquidation. All assets of Legion are hereby found to be *in custodia legis* of this Court and this Court asserts jurisdiction as follows: (a) *in rem* jurisdiction over all assets of Legion wherever they may be located and regardless of whether they are held in the name of Legion or in any other name; (b) exclusive jurisdiction over all determinations as to whether assets belong to Legion or to another party; (c) exclusive jurisdiction over all determination of the validity and amount of claims against Legion; and (d) exclusive jurisdiction over the determination of the priority of all claims against Legion.

8. The filing of this Order with the Clerk of the Commonwealth Court or with the Recorder of Deeds of the county in which Legion's principal

office or place of business is located (Philadelphia County), shall impart the same notice as is imparted by any deed, bill of sale or other evidence of title duly filed or recorded with that Recorder of Deeds.

9. The Liquidator is directed to take possession of all assets that are the property of Legion.

10. The Liquidator is directed to continue telephone, data-processing, water, electric, sewage, garbage, delivery, trash removal and utility services needed by the estate of Legion by establishing a new account for the Liquidator as of the date of this Order.

11. Legion's directors, officers and employees, to the extent the following obligations have not been satisfied in the course of Legion's rehabilitation, shall: (a) surrender peaceably to the Liquidator the premises where Legion conducts its business; (b) deliver all keys or access codes thereto and to any safe deposit boxes; (c) advise the Liquidator of the combinations or access codes of any safe or safekeeping devices of Legion or any password or authorization code or access code required for access to data processing equipment; and (d) deliver and surrender peaceably to the Liquidator all the assets, books, records, files, credit cards, and other property of Legion in their possession or control, wherever located, and otherwise advise and cooperate with the Liquidator in identifying and locating any of the foregoing.

12. Legion's directors, officers and employees are enjoined from taking any action, without approval of the Liquidator, to transact further business on behalf of Legion. They are further enjoined from taking any action that would

waste the assets of Legion or would interfere with the Liquidator's efforts to wind up the affairs of Legion.

13. Except as otherwise provided in this Order, executory contracts to which Legion is a party to as of the date of this Order may be affirmed or disavowed by the Liquidator within one year of the date of this Order.

**CANCELLATION OF INSURANCE COVERAGE**

14. All policies or contracts of insurance issued by Legion, whether issued in this Commonwealth or elsewhere, in effect on the effective date of this Order, are hereby cancelled and terminated for all purposes thirty (30) days from the effective date of this Order. All Legion policies and contracts of insurance, shall continue in force until one of the following events takes place, whichever occurs first: (a) the cancellation of the policy thirty (30) days from the effective date of this Order by reason of this Order; (b) the normal expiration or termination of the policy or contract; (c) the replacement of insurance coverage provided by Legion with equivalent insurance with another insurer; or (d) the transfer of the policy obligation by the Liquidator pursuant to Section 523(8) of Article V, 40 P.S. §221.23(8).

**WORKERS COMPENSATION AND ACCIDENT HEALTH CLAIMS**

15. The Liquidator shall make arrangements for the continued payment of the claims arising under policies of workers compensation and under policies providing accident and health benefits by making Legion's facilities, computer systems, books records and third party administrators (to the extent possible) available to any guaranty association and to states and state officials

accident & health policies available to guaranty association

holding statutory deposits for the benefit of such workers compensation and accident and health claimants. For a period not to exceed ninety (90) days from the effective date of this Order, the Liquidator is authorized to advance funds for the payment of these claims from the estate of Legion, and such advances will be deemed to be made in accordance with Section 536(a) of Article V, 40 P.S. §221.36(a). Thereafter, no disbursements shall be made to guaranty associations except in accordance with Section 536 of Article V, 40 P.S. §221.36.

**PROOF OF CLAIM FILING**

16. All claims against the estate of Legion, together with proper proof thereof, shall be filed on or before June 30, 2005. No person shall participate in any distribution of the assets of Legion unless his, her or its claim has been filed with the Liquidator in accordance with the time limit established by the Liquidator, subject to the provisions for the late filing of claims pursuant to Section 537 of Article V, 40 P.S. §221.37.

17. No judgment or order against Legion or its insureds entered after the date of filing of the Petition for Liquidation, and no judgment or order against Legion entered at any time by default or by collusion, will be considered as evidence of liability or quantum of damages by the Liquidator in evaluating a claim against the estate of Legion.

18. In addition to the notice requirements of Section 524 of Article V, 40 P.S. §221.34, the Liquidator shall publish notice in newspapers of general circulation, where Legion has its principal places of business, and in the national edition of the *Wall Street Journal*, that: (a) specifies the last day for the filing of claims; (b) explains the procedure by which claims may be submitted to the

Liquidator; (c) provides the address of the Liquidator's office for the submission of claims; and (d) notifies the public of the right to present a claim, or claims, to the Liquidator.

19. Within thirty (30) days of giving notice of the event of liquidation, as set forth in Section 524 of Article V, 40 P.S. §221.34, and of the procedures for filing claims against the estate of Legion, the Liquidator shall file a compliance report with the Court noting, in reasonable detail, the date that and manner by which these notices were given.

## DIRECT ACCESS TO REINSURANCE

20. Policyholders asserting a right to proceeds of a reinsurance agreement, to which Legion was a party, shall pursue that right by filing a petition to intervene with this Court for a determination of whether the reinsurance amounts owed are general assets of the estate of Legion or assets of the policyholder intervenor. Where policyholder intervenors establish a right to direct access to reinsurance proceeds, Legion's responsibility for the handling of the policyholder intervenor's claims, if any, terminates, and the policyholder intervenor is vested with exclusive control of claims handling, all claim files and claim-related records. Further, policyholder intervenors may not recover from the estate of Legion for a claim to the extent it is covered by a reinsurance agreement to which the right of direct access has been established. The petition to intervene shall not, without further order of this Court, serve as the procedure for resolving disputes as to the amounts owed by a reinsurer or other terms and conditions of the reinsurance agreement. Upon good cause shown, such other relief as the Court deems appropriate may be granted the policyholder intervenor.

## ADMINISTRATIVE EXPENSES

21. The Liquidator shall pay as costs and expenses of administration pursuant to Section 544 of Article V, 40 P.S. §221.44, the actual, reasonable and necessary costs of preserving or recovering the assets of Legion and the costs of goods or services provided to and approved by the Rehabilitator or by this Court during the period of Legion's rehabilitation and that are unpaid as of the date of this Order.

22. Distribution of the assets of Legion in payment of the costs and expenses of estate administration including, but not limited to, compensation for services of employees and professional consultants, such as attorneys, actuaries and accountants, and expenses of a guaranty association in handling claims, shall be made under the direction and approval of the Court. This includes reimbursement to the Pennsylvania Insurance Department for expenses it has incurred in compensating professional consultants, attorneys and other persons it has engaged on behalf of Legion for the preservation of its assets. Within thirty (30) days of the effective date of this Order, the Liquidator shall submit to the Court a procedure and form of report to be used to obtain the Court's approval of the costs and expenses of administration as reasonable and necessary.

## STAY OF LITIGATION

23. Unless the Liquidator consents thereto in writing, no action at law or in equity, including, but not limited to, an arbitration or mediation, the filing of any judgment, attachment, garnishment, lien or levy of execution process against Legion or its assets, shall be brought against Legion or the Liquidator, whether in this Commonwealth or elsewhere, nor shall any such existing action be

maintained or further prosecuted after the effective date of this Order. All above-enumerated actions currently pending against Legion in the courts of the Commonwealth of Pennsylvania or elsewhere are hereby stayed; relief sought in these actions shall be pursued by filing a proof of claim against the estate of Legion pursuant to Section 538 of Article V, 40 P.S. §221.38.

24. Unless otherwise agreed to by the Liquidator or by the relevant guaranty association, all actions in which Legion is or may be obligated to defend a party in any court of law are stayed to the extent provided by applicable law, subject to further order of the Court. The Liquidator may cooperate, upon request of a guaranty association, in seeking a stay of any action. Failure to honor the stay may result in sanctions, including the subordination of a claim to all other claims in the same class.

**CORRESPONDENCE**

25. Correspondence to the Liquidator (as opposed to counsel to the Liquidator) shall be directed as follows: Statutory Liquidator, Legion Insurance Company (In Liquidation), One Logan Square, Suite 1400, Philadelphia, PA 19103.

MARY HANNAH LEAVITT, Judge