UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LEGION INSURANCE COMPANY, Plaintiff | ) | |
| v. | ) | C.A. No. 02-0045/T |
| FAMILY SERVICE, INC. and BROOKE BOURASSA, Defendants | ) | |

**PLAINTIFF'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

Pursuant to L.R. Cv. 56, plaintiff Legion Insurance Company (In Liquidation") submits the following statement of disputed and undisputed facts in support of its objection to defendants' motion for summary judgment:

1. Legion does not dispute paragraphs 1-24 of defendants' Statement of Undisputed Facts.

2. Legion disputes paragraph 25 of defendants' statement. Legion did not breach the "Global Settlement" because defendants never provided an executed claim release and never obtained affirmation by Legion's Rehabilitator or Liquidator of the proposed settlement agreement. Lenahan Affidavit, ¶¶6-7.

3. On or about March 28, 2002 The Commonwealth Court of Pennsylvania placed Legion in rehabilitation pursuant to Article V of the Pennsylvania Insurance Act of 1921, Act of May 17, 1921, P.L. 789, as amended, 40 P.S. §§221.1-221.63 ("Rehabilitation Order"). See Lenahan Affidavit, Exhibit A thereto.

4. Paragraph 17 of the Rehabilitation Order provides:

Except for policies or contracts of insurance, the Rehabilitator, in

> her discretion, may affirm any executory contracts to which Legion is a party. The entry of this Order of Rehabilitation shall not constitute an anticipatory breach of any such contracts.

Paragraph 22 of the Rehabilitation Order provides:

> All persons, in the Commonwealth or elsewhere, are enjoined and restrained from: (a) instituting or further prosecuting any court action (whether at law, in equity, or otherwise) or arbitration or mediation against Legion or the Rehabilitator; (b) obtaining preferences, judgments, attachments, garnishments or liens, including obtaining collateral in any litigation, mediation, or arbitration involving Legion, the Rehabilitator, or Legion's assets and property; (c) levying any execution process against Legion, the Rehabilitator or Legion's assets and property in the Commonwealth of Pennsylvania or elsewhere; or (d) making any assessments or indirectly collecting such assessments by setting them off against amounts otherwise payable to Legion.

Paragraph 25 of the Rehabilitation Order provides:

> No judgment, order or arbitration award against Legion or an insured of Legion entered after the date of filing of the Petition for Rehabilitation and no judgment, order or arbitration award against Legion or an insured of Legion entered at any time by default or by collusion need be considered as evidence of liability or quantum of damages by the Rehabilitator.

5. On July 25, 2003 the Commonwealth Court declared Legion insolvent and ordered it to be liquidated pursuant to Article V of the Pennsylvania Insurance Act, 40 P.S. §§221.1-221.63 (the "Liquidation Order"). See Lenahan Affidavit, Exhibit B. The Liquidation Order terminated the Rehabilitation Order and further provided, in paragraph 13:

> Except as otherwise provided in this Order, executory contracts to which Legion is a party to as of the date of this Order may be affirmed or disavowed by the Liquidation within one year of the date of this Order.

Paragraphs 16 and 17 of the Liquidation Order further provide:

> All claims against the estate of Legion, together with proper proof thereof, shall be filed on or before June 30, 2005. No person shall

> or its claim has been filed with the Liquidator in accordance with the time limit established by the Liquidator, subject to the provisions for the late filing of claims pursuant to Section 537 of Article V, 40 P.S. §221.37.
>
> No judgment or order against Legion or its insureds entered after the date of filing of the Petition for Liquidation and no judgment or order against Legion entered at any time by default or by collusion, will be considered as evidence of liability or quantum of damages by the Liquidator in evaluating a claim against the estate of Legion.

6. The Liquidation Order remains in effect today. Lenahan Affidavit, ¶4.

7. Although defendants have been provided the necessary forms they have not, upon information and belief, filed a proof of claim against the Estate of Legion or otherwise sought to have the Rehabilitator or Liquidator affirm the agreement referred to in Exhibits A and C of defendants' motion. Lenahan Affidavit, ¶7.

8. Defendants have not, upon information and belief, provided a "full Claim Release" with respect to a proposed settlement of the claims between the parties. Lehahan Affidavit, ¶6.

9. Defendants have recovered the $7500 contribution to the settlement of the employment discrimination action. (Defendants' memorandum, Exhibit A). What remains of this action is defendants' $18,122.32 claim for attorney's fees. Id.

/s/ Brooks R. Magratten
Brooks R. Magratten, Esq. #3585
Kimberly A. Simpson, Esq. #4803
Attorneys for Plaintiff
Legion Insurance Company (In Liquidation)
VETTER & WHITE
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 [FAX]

Date: April 25, 2007

CERTIFICATE OF SERVICE

To:

Joseph D. Whelan, Esq.
Matthew P. Horvitz, Esq.
Attorneys for Defendants
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903

I hereby certify that I electronically filed the within Plaintiff's Statement of Disputed And Undisputed Facts on April 25, 2007. The Statement is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above listed counsel of record has been effectuated by electronic means.

/s/ Brooks R. Magratten