UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LEGION INSURANCE COMPANY | : | |
| | : | |
| v. | : | C.A. NO. 02-045T |
| | : | |
| FAMILY SERVICE, INC. and | : | |
| BROOKE BOURASSA | : | |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

Defendants, Family Service, Inc. and Brooke Bourassa (collectively referred to as "Family Service"), submit this reply in support of their motion for summary judgment. Legion's opposition fails because (i) it has misconstrued the exhaustion of administrative remedies doctrine and (ii) its argument that Family Service has not provided a "release of claims" is gamesmanship.

## II. ARGUMENT

### A. The exhaustion of administrative remedies doctrine does not apply here.

The exhaustion of administrative remedies doctrine requires a party to exhaust all available administrative remedies before seeking judicial review. *See* 33 Wright & Koch, Federal Practice and Procedure: Judicial Review § 8398 (2006). Here, quite simply, there is no agency. Legion's liquidator administers Legion's assets under the orders of Pennsylvania's Commonwealth Court and acts within that judicial system. *See* 40 P.S. §§ 221.20, 221.26. Although Pennsylvania's insurance laws establish a liquidation framework for regulating insolvent insurers, "it is not at all clear that it sets up the functional equivalent of an administrative agency." *See Fragoso v. Lopez*, 991 F.2d 878, 883 (1st Cir. 1993). Neither the liquidator nor the Commonwealth Court is an agency.

Moreover, Family Service did not skip a step in the process. Legion was not in liquidation, where proof of claims arise, when it commenced this lawsuit against Family Service on January 18, 2002, or at the time Family Service counterclaimed seeking enforcement of the global settlement agreement. It was not until July 28, 2003, almost seven months later, that the Commonwealth Court of Pennsylvania ordered Legion into liquidation. When those claims were commenced, there were no existing administrative remedies available.

**B. <u>Litigating this case in Pennsylvania will not further the purposes of administrative exhaustion doctrine.</u>**

Even assuming there is an administrative agency available and at play here, summary judgment should still issue. The purposes of this doctrine are not served by litigating this matter in Pennsylvania instead of Rhode Island, as Legion argues. Exhaustion of administrative remedies serves two purposes: (1) it aids judicial review by allowing the parties and the agency develop the facts of the case and (2) it promotes judicial economy by avoiding needless repetition of administrative and judicial factfinding, perhaps avoiding the necessity of any judicial involvement. *Rhode Island Employment Security Alliance v. State of Rhode Island, Dept. of Employment and Training*, 788 A.2d 465, 467 (R.I. 2002).

This matter has been stayed since 2002. The facts are not in dispute. Determining the enforceability of the global settlement agreement, a contract, is a "pure matter of law as to which specialized administrative understanding plays little role." *See Ezratty v. Com. of Puerto Rico*, 648 F.2d 770, 774 (1st Cir. 1981). Judicial economy is best served by bringing this matter to a close – not sending it to Pennsylvania's courts to re-litigate and re-develop the facts. This Court is well-suited to determining the enforceability of the contractual agreement Family Service and Legion entered into in Rhode Island concerning a matter in Rhode Island state court.

**C. Legion's exhaustion argument is actually an abstention argument, which fails.**

Legion's "administrative remedies" argument is really an argument for this Court to abstain under the *Burford* abstention doctrine. The principal cases Legion cited deal with abstention, not exhaustion of administrative remedies. *See General Glass v. Monsour Medical Found.*, 973 F.2d 197 (3d Cir. 1992); *Maleski v. D.P. Realty Trust*, 896 F.Supp. 176 (E.D. Pa. 1994). As these cases make clear, the district court's abstention, or deferral to liquidation proceedings, is discretionary:

> Even in the face of liquidation proceedings instituted against an insolvent insurer pursuant to a regulatory scheme such as Pennsylvania's, the decision of a district court to abstain remains within the district court's discretion.

*General Glass*, 973 F.2d at 201.

This doctrine "limit[s] interference by the lower federal courts in determinations of inherently local matters made by state courts pursuant to a complex state regulatory scheme." *Id.* No such conditions exist in this matter. This is a breach of contract action arising under Rhode Island's common law and has nothing to do with issues particular to Pennsylvania. Further, this Court's holding on the enforceability of a contract will not conflict or interfere with Pennsylvania's state insurance regulatory scheme. *See Fragoso*, 991 F.2d at 884 (holding, *inter alia*, that federal court decision-making existing alongside state insurance liquidation proceedings was not so disruptive to call for abstention).

**D. Legion's "release" defense is nonsense.**

Yes, the global settlement agreement contemplated a release in favor of Legion. Not, however, before Legion complied with its obligations. As is in every instance, a release was expected to be exchanged for payment. Legion's argument on this point is disingenuous.

## III. CONCLUSION

By reason of the above and Family Service's initial memorandum in support of motion for summary judgment, the Court should grant the defendants' motion for summary judgment.

FAMILY SERVICE, INC. and
BROOKE BOURASSA

By their attorneys,

/s/ Matthew P. Horvitz
Joseph D. Whelan (#2126)
Matthew P. Horvitz (#7289)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
jwhelan@haslaw.com
mhorvitz@haslaw.com

Dated: May 15, 2007.

**CERTIFICATE OF SERVICE**

To:

Brooks R. Magratten, Esq.
Kimberly A. Simpson, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

Linn F. Freedman, Esq.
Nixon Peabody, LLP
One Citizens Plaza, Suite 500
Providence, RI 02903

I hereby certify that on May 15, 2007, a copy of the foregoing reply memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Matthew P. Horvitz

#799193v3