UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LEGION INSURANCE COMPANY | : | |
| V. | : | |
| FAMILY SERVICE, INC. and BROOKE BOURASSA | : | C.A. No. 02-045T |
| V. | : | |
| RHODE ISLAND INSURERS INSOLVENCY FUND | : | |

**MOTION TO DISMISS**

Rhode Island Insurers Insolvency Fund hereby moves to dismiss the Third Party Complaint filed against it by Defendants, Family Service, Inc. and Brooke Bourassa for the reasons set forth in the attached Memorandum of Law in Support of Motion to Dismiss.

Respectfully submitted,

RHODE ISLAND INSURERS
INSOLVENCY FUND

By Its Attorney,

/s/ Linn F. Freedman
Linn F. Freedman (#4778)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Telephone: (401) 454-1108
Fax: (866) 807-6614

Date: June 14, 2007

**CERTIFICATION**

I hereby certify that on this 14th day of June, 2007, the foregoing Defendant's Motion to Dismiss was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to:

Joseph D. Whelan, Esq.
Matthew P. Horvitz, Esq.
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903

Brooks R. Magratten, Esq.
Kimberly A. Simpson, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

/s/ Linn F. Freedman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LEGION INSURANCE COMPANY | : | |
| V. | : | |
| FAMILY SERVICE, INC. and BROOKE BOURASSA | : | C.A. No. 02-045T |
| V. | : | |
| RHODE ISLAND INSURERS' INSOLVENCY FUND | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

Rhode Island Insurers' Insolvency Fund (the "Fund") hereby moves this Court to dismiss the Third Party Complaint filed against it by Defendants, Family Service, Inc. and Brooke Bourassa for the reasons set forth below.

## I. BACKGROUND

Plaintiff, Legion Insurance Company ("Legion") filed an action against Family Service, Inc. seeking a declaration of rights, duties and liabilities of the parties under a policy of insurance that Legion issued to Family Service, Inc. effective as of July 1, 1998. Family Service, Inc. filed a counter-claim against Legion seeking a declaratory judgment against Legion and relief for claims for breach of contract and bad faith. Legion was thereafter placed into liquidation in the Commonwealth of Pennsylvania. On March 13, 2007, Defendants moved for leave to file a Third Party Complaint against the Fund. This Court granted Defendants' motion and a Third Party Complaint was filed against the Fund, presumably purportedly pursuant to Rule 14(a) of the Federal Rules of Civil Procedure.

The underlying claim that caused these series of events was a claim of alleged employment discrimination by an employee against Family Service, Inc. Family Service, Inc. then brought a claim for coverage against Legion for such claim. Legion then filed a suit for declaratory judgment against Family Services in this Court. Before that declaratory judgment action could be resolved, Legion went into liquidation. Family Service, Inc. filed the Third Party Complaint against the Fund and seeks judgment against the Fund pursuant to the Rhode Island Insurers' Insolvency Fund Act, R.I.G.L. Section 27-34-1 et seq. (the "Act"). Family Service, Inc. requests judgment against the Fund for all sums that Legion may be found to be responsible to Family Service, Inc. However, Legion sought a declaration from the court with regard to its position of no liability toward its insured. Upon information and belief, Legion did not seek any monies from the insured with respect to the claim by the underlying Plaintiff, but rather denied liability and sought a declaration from the Court affirming its position of non-liability.

For the reasons set forth below, the Fund requests that this Court dismiss the Third Party Complaint as Rule 14(a) of the Federal Rules of Civil Procedure is not the proper vehicle for Defendants to utilize to pursue a claim against the Fund.

## II. LEGAL ARGUMENT

Rule 14(a) of the Federal Rules of Civil Procedure provides for third party practice and outlines when a defendant may bring a third party into an existing action. Specifically, Rule 14(a) provides that a third party may be brought into a suit as a third party defendant when such third party "is or may be liable to the third party plaintiff for all or part of the plaintiff's claim against the third party plaintiff."

As stated above, Legion in its original Complaint and Jury Demand, very specifically sought a declaration pursuant to 28 U.S.C. §§ 2201 and 2202, "of the rights, duties and liabilities of parties under a liability insurance policy issued by Plaintiff with respect to an underlying

claim brought against Family Service, Inc. ("FSI") and Brooke Bourassa ("Bourassa") that alleges wrongful employment practices in a manner such that coverage has been sought under the insurance policy issued by plaintiff." (See Complaint ¶ 1). Plaintiff sought such declaration pursuant to 28 U.S.C. §§ 1332(a), 2201 and 2202 alleging diversity of citizenship. (Plaintiff's Complaint ¶ 5).

Legion's request for relief in the Complaint are: (1) that it acted in good faith and dealt fairly with the insureds during the investigation; (2) that Legion has no duty or obligation to defend or indemnify the defendants; (3) that Legion be entitled to withdraw from the defense of the underlying action and to stop paying defense costs associated with the underlying action; (4) that it be entitled to be reimbursed by the defendants for the defense costs; (5) that the policy does not afford coverage for the insureds for the claims sought; (6) that Legion is entitled to rescind the policy; and (7) that it be entitled to recover additional costs or expenses. (Plaintiff's Complaint, Request for Relief, pp. 11-12).

It is clear from a plain reading of Legion's Complaint that Legion's claims against the defendants are associated with Legion's request for a declaration concerning whether or not Legion acted in good faith during its investigation, to declare that there was no coverage pursuant to the Legion policy, requesting a cessation of the paying of defense costs and seeking reimbursement for such costs. Legion's Complaint does not allege that defendants are liable to Legion. Rather the Request for Relief is declaratory in nature and seeks a declaration that Legion is not liable to defendants.

Pursuant to Rule 14(a), a third party defendant may be added to a party when the defendant (third party plaintiff) alleges that the third party defendant may be liable to the defendant (third party plaintiff) for all or part of plaintiff's claim against the defendant (third

party plaintiff). From a plain reading of the Complaint, the Fund is in no way, shape or form alleged to be liable for Legion's claims against the defendants. Accordingly, the Fund should be dismissed from the case as Defendants have not satisfied the requirements of Rule 14(a).

In United States Fire Insurance Co. v. Reading Municipal Airport Authority, 130 F.R.D. 38 (E.D. PA. 1990), the exact same facts caused that Court to declare that a Third Party Complaint should be dismissed as there was no basis for joinder pursuant to F.R. Civ. P. 14(a). In that case, plaintiff, United States Fire Insurance Co. ("U.S. Fire") brought a declaratory judgment action pursuant to diversity jurisdiction against defendant alleging (like Legion here) that the policy of insurance did not cover a claim for personal injuries and property damage made against the defendant, Airport Authority. Airport Authority brought a Third Party Complaint impleading the Airport Authority's insurance agent, alleging that the insurance agent was negligent in procuring the insurance contract.

The Court found that if the plaintiff prevailed in its declaratory judgment action, it would be entitled to a judgment that it was not obligated under the insurance contract to cover the underlying plaintiff's claim against the defendant. If U.S. Fire was successful, such would not create a claim against the third party plaintiff Airport Authority, for which the third party defendant insurance agent, could be liable in all or in part. The Court found that the fundamental prerequisite of joinder under Fed. R. Civ. P. 14(a) was not met. Accordingly, the Court found that there was no basis for exercising ancillary jurisdiction over the insurance agent and the motion was granted and the Third Party Complaint was dismissed. (130 F.R.D. at 39-40). The facts of the U.S. Fire case are on all fours with this case. If Legion were successful in obtaining a declaratory judgment from the Court, such judgment would not create a claim against the Defendants, Family Service, Inc. and Bourassa for which the Fund is responsible.

Further, the Honorable Ernest E. Torres of this Court on December 13, 2002 issued an Order to Show Cause against Legion ordering Legion to appear before the Court to show cause why the declaratory judgment action "should not be dismissed as moot on the ground that the issue as to coverage has already been resolved through a settlement agreement." (Please see attached Exhibit A, page 2). In his decision, Judge Torres ordered that the declaratory judgment action be dismissed as moot. Specifically, Judge Torres stated:

> "[N]ow, the parties may disagree as to what the settlement agreement says or whatever, but the question of the declaratory judgment action is now moot. The declaratory judgment action has been replaced by a dispute over the terms upon which the parties have agreed to resolve the coverage question.
>
> So, I find that Legion has failed to show cause why its claim for declaratory judgment ought not to be dismissed and it is hereby dismissed."

(Please see Exhibit A at page 27)

## III. CONCLUSION

Based upon the foregoing, the Fund seeks dismissal of the Third Party Complaint. Rule 14(a) is not available to the defendants to bring the Fund into the suit as Legion was seeking a declaratory judgment of no liability against its insured, Family Service, Inc.. The Fund cannot be held liable for any of the claims that Legion has against the defendants in this matter.

Further, Judge Torres dismissed the declaratory judgment action as moot due to the settlement of the claim between Legion and the Defendants. Accordingly, the Fund cannot be held liable for claims that were previously dismissed by this court.

The Defendants in this case are attempting to sneak around the dismissal of the original declaratory judgment action in an attempt to enforce a settlement presumably made between Legion and the defendants prior to the insolvency of Legion. This is an improper use of Rule 14(a) and should be prohibited. If Defendants desire to bring a claim against the Fund, such claim should be brought by filing a new Complaint in state court against the Fund as there

is no diversity jurisdiction between Defendants and the Fund. For diversity purposes the Fund is a citizen of every state in which a member resides. The Fund has members who are residents of Rhode Island. Thus diversity does not exist. See Iowa Ins. Guaranty Ass'n v. New England Ins. Co., 707 F.Supp. 177 (S.D. Iowa 1988); Kilcommons v. R.I. Ins. Insolvency Fund, M.L.R. 4/20/94 (D. Mass. 1994).

Accordingly, for the foregoing reasons, the Fund requests that this Court dismiss the Third Party Complaint filed against the Fund in this matter and grant other relief as this court deems just and proper.

Respectfully submitted,

RHODE ISLAND INSURERS'
INSOLVENCY FUND

By Its Attorney,

/s/ Linn F. Freedman

Linn F. Freedman (#4778)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Telephone: (401) 454-1108
Fax: (866) 807-6614

Date: June 14, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of June, 2007, the foregoing Memorandum in Support of Defendant's Motion to Dismiss was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to:

Joseph D. Whelan, Esq.
Matthew P. Horvitz, Esq.
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903

Brooks R. Magratten, Esq.
Kimberly A. Simpson, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

/s/ Linn F. Freedman

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| * * * * * * * * * * * * * * | CIVIL ACTION |
| LEGION INSURANCE CO. * | NO. 02-045T |
| Plaintiff * | |
| * | FRIDAY, |
| VS. * | DECEMBER 13, 2002 |
| * | |
| FAMILY SERVICE, INC. * | |
| Defendant * | |
| * * * * * * * * * * * * * * | Providence, RI |

HEARD BEFORE THE HONORABLE ERNEST C. TORRES
CHIEF JUDGE
(MOTIONS)

**A-P-P-E-A-R-A-N-C-E:**

For the Plaintiff: Kimberly A. Simpson, Esquire
Vetter & White, Inc.
20 Washington Place
Providence, RI 02903

For the Defendant: Joseph D. Whelan, Esquire
Hinckley, Allen & Snyder
1500 Fleet Center
Providence, RI 02903

Court Reporter: Judith L. Montie
267 John O. Pastore Bldg.
2 Exchange Terrace
Providence, RI 02903

FRIDAY, DECEMBER 13, 2002
MOTIONS

THE COURT: Good afternoon.

ALL: Good afternoon, Your Honor.

THE CLERK: The matter before the Court is Civil Action Number 02-45, Legion Insurance Company v. Family Service, Inc.

THE COURT: We're here for three reasons. First, the Court has issued a show cause order, for the Plaintiffs to show cause why the declaratory judgment action should not be dismissed as moot on the ground that the issue as to coverage has already been resolved through a settlement agreement.

And, second, Family Service has a motion to enforce that settlement agreement.

And, third, Legion has moved to extend the stay of these proceedings even further than they have previously been extended.

Well, maybe we should start with the third motion, Legion's -- I don't know if this is one of those --

MS. SIMPSON: Wherever you want to begin.

MR. WHELAN: I'm in favor of the show cause, Your Honor. I think that ties them

judicable left before this Court and, you know, we reached a settlement agreement. I agree with Ms. Simpson that the return letter should be incorporated in that. I had a phone conversation with Scott Schaffer about that and that was not a problem, that if the terms were laid out, that they were straightforward, it was one week before they went into rehabilitation. It was though I'm the electric company, they use my electricity and I sent them a bill.

THE COURT: Well, one problem is the receivership proceedings definitely are not fair.

MR. WHELAN: It's not receivership, though.

THE COURT: Well, it's a liquidation proceeding.

MR. WHELAN: Not yet, but it's --

THE COURT: Well, first of all, as far as the show cause order, we start with the proposition that the Pennsylvania Court stay is not binding on this Court. The State Court doesn't have any authority to enter orders that preclude actions in Federal Courts. As a matter of comity, this Court can and does grant stays in

cases involving insolvency proceedings in another jurisdiction where, as a matter of course, the Court of that State enters an order seeking to stay or enjoin any proceedings against the insolvent.

This Court has done that in this case, in fact. I have granted two or three stays. I don't recall how many. But there's got to be a good reason for continuing to stay the action. Typically, the reason -- there are two reasons, usually, why, as a matter of comity, this Court would stay a proceeding, based on the pendency of some type of insolvency proceeding in another State and the order of the Court of that State purporting to stay and/or enjoin further actions involving the insolvent party.

Those reasons are, first, that allowing the case to proceed here creates a threat that it would undermine the orderly administration of the insolvency proceeding in the other State. In other words, if creditors were allowed to bring actions here in the Federal Court, notwithstanding the pendency of these proceedings in the other State, and, then, to enforce those judgments by seizing the assets of

the insolvent, that would wreck havoc upon the objectives of the insolvency proceeding.

And the second reason that might incline the Court to issue a stay in the action here is that further litigating an issue is an expensive proposition, as I'm sure you've already seen in this matter, and requiring the insolvent to participate in further litigation would drain some of the assets. It would put the insolvent in a position of choosing between either losing by default or by averting assets from the estate to the litigation of the pending matter.

Here, neither of those reasons exists. In this case, unlike the usual case, Legion is the Plaintiff. Legion is the one that is here seeking relief from this Court. There is no threat, or at least it is to half of the case. I'm talking now about the claim by Legion for declaratory judgment against the Defendant. There's no threat here with respect to that claim that there's going to be some judgment entered against Legion that would require or permit the opposing party to levy on Legion's assets and, thereby deprive creditors in

FRIDAY, DECEMBER 13, 2002
MOTIONS

Pennsylvania of whatever they're due. That's simply not the case. Nor is there any threat that Legion's assets would be dissipated by continuing to litigate that matter here because there is no matter to litigate here. The matter has been resolved by means of a settlement agreement. There was a settlement agreement between the parties.

Now, the parties may disagree as to what the settlement agreement says or whatever, but the question of the declaratory judgment action is now moot. The declaratory judgment action has been replaced by a dispute over the terms upon which the parties have agreed to resolve the coverage question.

So I find that Legion has failed to show cause why its claim for declaratory judgment ought not to be dismissed and it is hereby dismissed.

Now, as to Family Service's motion to enforce the alleged settlement agreement, a settlement agreement can be enforced in one of two ways. If the case to which the agreement relates is still pending, then a motion may be brought in that case to enforce the

agreement. Now, here, counsel tell me that the case is not still pending, the case in the State Court has been resolved.

The second way in which the settlement agreement can be enforced is by means of an independent action. If the case that gave rise to the settlement has been resolved, then, again, one party fails to live up to the settlement agreement or allegedly fails to live up to it, the other party can bring an independent action to enforce that agreement, just as one can bring an action on any contract and that action will then be determined. That action could be brought in a Court different from the Court in which the original action is filed, although, usually, it's probably better to bring it in that Court because there may be questions arising that would require the Court to know something about the underlying case.

In any event, in this case, obviously, a motion is inappropriate. What you're really looking for, Mr. Whelan, is summary judgment on your counterclaim because, basically, what it comes down to, you haven't brought an independent action. You brought a counterclaim

in another case which, I suppose, could be construed as an independent action and you're basically seeking judgment on that counterclaim.

Now, I suppose there is some questions that could be raised about the propriety of the counterclaim, whether the counterclaim is appropriately brought, but that's not before me now. What's before me is an action or a motion -- so let me just say your motion, then, whether it's described as a motion to enforce or a motion for summary judgment is denied because this Court doesn't have sufficient facts before it to make a determination as to whether there was a settlement agreement and, if so, what the terms of the settlement agreement were.

That brings me to the motion to stay, Legion's motion to stay. Now, the only thing remaining in this case is Family Service's counterclaim. So that's what Legion is, in essence, moving to stay. I know that there's case law out there that says the test to apply in this situation is the *Burford* extension test and that, frankly, baffles me. I don't, for the life of me, do not see how the principles of extension

apply in this context. The general rule is that a Federal Court has an unvirtually unflagging obligation to adjudicate claims within its jurisdiction. Now, one exception to that is the extension doctrine and *Burford* is one type of extension.

But what's really being asked for here is not extension, but a stay, number one. That's one reason I had difficulty seeing how *Burford* applies here. And the second thing is *Burford* extension deals with situations in which the Court is asked to address a difficult question of State law, an unsettled question of State law that is difficult and where the decision would potentially disrupt State efforts to establish a coherent policy to regulate a matter of substantial public concern. And this case, really, doesn't involve that. There's no, first of all, difficult question of unsettled State law presented here. We've got a simple breach of contract case is what it is. And, secondly, the resolution of this issue has nothing to do with any comprehensive State scheme to regulate a matter of substantial public concern. So I have great difficulty for all

those reasons in seeing how *Burford* extension applies here.

What it seems to me applies here are the traditional principles that govern stays in this situation. As I've already said, this Court is not bound by the order of the Pennsylvania Court. It's a matter of comity. And, here, unlike, or maybe unlike the situation that exists with respect to the claim asserted by Legion for declaratory judgment, here, Legion is the Defendant with respect to the counterclaim. It is asserted against Legion and could result in a money judgment against Legion. And that does raise the dual specter that the Court previously alluded to. It raises the specter that, or the possibility that, once the judgment is obtained, it might be executed upon in a way that would disrupt the orderly liquidation of Legion's assets in Pennsylvania and it is going to require further litigation in which assets of Legion would be diverted from the estate available to creditors to the defense of this action.

So it would appear that, in this context, the stay ought to be granted to avoid those possibilities. Now, as I said

earlier, the first possibility seems to me to be rather remote, but the other side of the coin is if the first possibility doesn't exist, then what are we accomplishing by going ahead anyway. I know you have a different view on it, Mr. Whelan. There may be something to your contention that the case will settle after your judgment, although, judging from what I've seen of Legion's performance and the performance of its Rehabilitator and Liquidator so far, it doesn't look to me like they're doing anything. Now, maybe, that's unfair because I don't know how complicated the situation is that they're dealing with, but I keep seeing these requests for stays for 60 days, 60 more days, 60 more days, 90 days, 30 days and it makes me wonder what's going on.

But, I would say, for now, the stay of the counterclaim ought to be granted. I'm not going to make it open-ended. What period of time did you ask for, Ms. Simpson?

MS. SIMPSON: Well, at the present time, the Pennsylvania Court only provided for an extension up through December 31st after hearing the petition for liquidation and, then, honestly, Judge, I don't know what happens after that.