UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LEGION INSURANCE COMPANY | : | |
| v. | : | |
| FAMILY SERVICE, INC. and BROOKE BOURASSA | : | C.A. No. 02-045T |
| v. | : | |
| RHODE ISLAND INSURERS INSOLVENCY FUND | : | |

**DEFENDANTS' OBJECTION TO THIRD PARTY DEFENDANT'S MOTION TO DISMISS**

## I. INTRODUCTION

Defendants, Family Service, Inc. and Brooke Bourassa (collectively, "Family Service") object to the motion to dismiss by third-party defendant Rhode Island Insurers' Insolvency Fund (the "Insolvency Fund"). The Court has supplemental jurisdiction over Family Service's claim against the Insolvency Fund, which is based on the same common nucleus of operative fact as Family Service's counterclaim against the Legion Insurance Company ("Legion") in the underlying matter. Accordingly, the Court should exercise its supplemental jurisdiction.

The Insolvency Fund asserts that Rule 14 was not the proper procedural rule to bring it into this action. Even assuming it is correct, and perhaps the initial motion should have been brought under Rule 15, the Court still has supplemental jurisdiction, the Insolvency Fund has had proper notice of the claim, and the motion to dismiss should be denied.

## II. FACTUAL BACKGROUND

Legion filed this action on January 18, 2002 against Family Service, seeking a declaration of rights, duties and liabilities of the parties under the Policy. Family Service counterclaimed, seeking a declaratory judgment against Legion and judgment for breach of contract and bad faith.

In the interim, the Insurance Commissioner and Commonwealth Court of Pennsylvania, in *Koken v. Legion Ins. Co.*, No. 183 M.D. 2002, placed Legion into rehabilitation. That order stayed all actions against Legion and its insureds. Consistent with the courts of Pennsylvania, the Court stayed proceedings in this lawsuit until January 2007.

On account of Legion's change in status after commencing this action, and the Court lifting the litigation stay, Family Service filed and served a third party complaint against the Insolvency Fund to bring them in as a party to this action. The Rhode Island Insurers' Insolvency Act, R.I. Gen. Laws § 24-34-1, *et seq.* (the "Insolvency Act"), functions to provide insured parties with payment for covered claims arising out of insurance policies provided by insurers that have become insolvent. This act provides a mechanism to prevent insureds, like Family Service, from suffering financial losses because of an insurer's insolvency.

The Insolvency Fund is going to great lengths to duck its statutory obligation. It has refused to pay the entire claim, and now it has filed this Motion to Dismiss. The Court should deny the Insolvency Fund's motion, exercise its supplemental jurisdiction, and permit Family Service to continue with its claims against Legion and the Insolvency Fund.

## III. ARGUMENT

### A. **The Court should exercise supplemental jurisdiction over the Insolvency Fund in accordance with 28 U.S.C. § 1367.**

The supplemental jurisdiction statute authorizes federal courts "to hear any claims arising out of the same transaction or occurrence as a claim within federal jurisdiction…" 16 *Moore's Federal Practice* § 106.04[5] (Matthew Bender 3d ed.). This broad grant of supplemental jurisdiction provides that:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a); *see Exxon Mobil Corp. v. Allapattah Services., Inc.*, 545 U.S. 546, 558 (2005).

The general presumption is that a court will exercise its supplemental jurisdiction power. "If the claim is within the court's supplemental jurisdiction, the court must exercise such jurisdiction unless one of the four categorical exceptions in § 1367(c) is satisfied." *Cedillo v. Valcar Enterprises & Darling Delaware Co.*, 773 F.Supp. 932, 939 (N.D. Tex. 1991); *Executive Software v. U.S. Dist. Court*, 24 F.3d 1545, 1556 (9th Cir. 1994) ("unless a court properly invokes a section of § 1367(c) category in exercising its discretion to decline to entertain pendent claims, supplemental jurisdiction must be asserted."). These exceptions are: (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). Moreover, even if the court finds that one of the exceptions in § 1367(c) is applicable, the court still has discretion to

exert supplemental jurisdiction. Guiding the court's exercise of discretion are the principles of economy, fairness, convenience and comity first established in *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966). *See Executive Software*, 24 F.3d at 1557

**1. Family Service's claims against the Insolvency Fund comprise the same case or controversy as its claims against Legion.**

Here, there can be no doubt that the claim against the Insolvency Fund arises out of the same set of facts. The core of Family Services' case is to obtain coverage from Legion. The Insolvency Fund has an obligation to stand in Legion's shoes given Legion's insolvency. *See* R.I. Gen. Laws § 24-34-1 *et seq*. The General Assembly created the Insolvency Fund in order "to provide a mechanism for the payment of covered claims under certain insurance policies to avoid excessive delay in payment and to avoid financial loss to claimants or policyholders because of the insolvency of an insurer, and to create an entity to assess the cost of the protection and distribute it equitably among member insurers." *Enterprise Rent-A-Car Co. of Rhode Island v. Kallejian*, No. PC-6242, 2006 WL 3334938, *2 (R.I. Super. Nov. 14, 2006) (quoting R.I. Gen. Laws § 27-34-2). The Insolvency Fund acts as an insurance safety net for those bona fide claimants whose insurers have become insolvent. *Id.* In effect, it "steps into the shoes" of insolvent insurers. *See Thomas v. Rhode Island Insurers' Insolvency Fund*, 814 A.2d 335, 340 (R.I. 2003). Family Service's claims against the Insolvency Fund are identical to those against Legion and as such should be appropriately tried in a single judicial proceeding. Accordingly, the Court should assert its supplemental jurisdiction over the Insolvency Fund.

**2. Supplemental jurisdiction applies to pendant parties as well as pendant claims.**

"Supplemental jurisdiction extends to pendent parties as well as pendent claims." *Caranci v. Blue Cross & Blue Shield of Rhode Island*, 194 F.R.D. 27, 36-37 (D.R.I. 2000) (citing 28 U.S.C. § 1367(a)). In diversity cases, § 1367(a)'s grant of supplemental jurisdiction extends over related claims involving additional parties, even if they are citizens of the same state. In such cases, the court has jurisdiction over a defendant's counterclaim against non-diverse parties. *See In re Texas Eastern Transmission Corp. PCB Contamination Ins. Coverage Litigation*, 15 F.3d 1230, 1237-38 (3d. Cir. 1994) (explaining that joinder of "non-diverse counterclaim defendants do[es] not destroy diversity jurisdiction . . . because there is complete diversity of citizenship between the original parties."). When supplemental jurisdiction exists between two parties, diversity jurisdiction is not required. *See Unistrut Space Frame v. Atlantic Plate & Window Co.*, 16 F.Supp.2d 1, 5 (D.C. 1996) ("Precedent of long-standing holds that joinder of non-diverse counterclaim defendants does not destroy diversity jurisdiction because there is complete diversity between the original parties." (internal quotations omitted)). [1]

Accordingly, the Court's diversity jurisdiction is not lost with the Insolvency Fund joined as a defendant to Family Service's counterclaims.

**3. None of the statutory exceptions in § 1367(c) are applicable to Family Service's claim against the Insolvency Fund.**

None of the § 1367(c) exceptions applies to Family Service's claims against the Insolvency Fund. First, Family Service's claims do not raise a novel issue of state law. Family Service only seeks to bring the Insolvency Fund in as an additional party to the same counterclaims Family Service has against Legion. Second, Family Service's claim against the

[1] In this case, Legion brought the parties to Federal court. The Insolvency Fund now stands in Legion's shoes. This is not a case where a plaintiff has selected Federal court, created diversity jurisdiction by omitting a party, and then tried to add that party once diversity jurisdiction was established.

Insolvency Fund does not predominate over Family Service's claim against Legion. In fact, Family Service's claims against the Insolvency Fund are indistinguishable and dependant on its claims against Legion. Third, the Court retains original jurisdiction because it has not dismissed Family Services' counterclaims against Legion. Finally, Family Service knows of no exceptional or compelling reasons for declining jurisdiction.

**4. The principles of economy, fairness, convenience and comity weigh in favor of the Court retaining supplemental jurisdiction over the Insolvency Fund.**

If the facts of a case place a matter within any of the statutory categories of § 1367(c), the Court still retains broad discretion, guided by the factors in *Gibbs* to determine whether to exercise or decline jurisdiction on the indicated ground. *See Moore's Federal Practice* § 106.61. The *Gibbs* factors include economy, fairness, convenience and comity. *See Gibbs*, 383 U.S. at 726.

In this case, the *Gibbs* factors all militate in favor of the Court exercising its supplemental jurisdiction over the Insolvency Fund. Inclusion of the Insolvency Fund in this matter will not require additional discovery or involve new causes of action or claims. There will not be significant additional expenses to the parties and resolution of this matter will not require additional time. Also, substantial judicial resources have already been committed to this longstanding action. If the Court exercises its supplemental jurisdiction over the Insolvency Fund, then the need for an entirely new lawsuit in state court will be avoided. Moreover, the spirit of the Insolvency Act – avoiding excessive delay in payment – will be satisfied.

The Court should exert supplemental jurisdiction over the Insolvency Fund and allow Family Service to resolve its claims for coverage under the Policy in a single lawsuit.

**B. <u>The Insolvency Fund should be included as a defendant to Family Service's counterclaim because Family Service has satisfied the notice pleading requirements of the Federal Rules of Civil Procedure.</u>**

"[T]he principle function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted to enable him to answer and prepare for trial." *Laurence v. Wall*, No. CA 07-081-ML, 2007 WL 1875794, at *1 (D.R.I., June 27, 2007) (slip copy) (citing *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988)). Notice pleading requires a short and plain statement of the claim showing that the pleader is entitled to relief. *Gray v. Derderian*, 365 F.Supp.2d 218, 226 (D.R.I. 2005). This "represents a shift from the 'olden-day' requirements of common law pleading or code practice, 'when form reigned over substance, and a substantial claim could be lost for want of compliance with a technicality.'" *Gray v. Derderian*, 365 F.Supp.2d at 226 (quoting *Bottomly v. Passamaquoddy Tribe*, 599 F.2d 1061, 1063 (1st Cir. 1979)).

Family Service's use of Rule 14 may have not been the appropriate procedural mechanism for bringing the Insolvency Fund into this case. Perhaps Rule 15 is the appropriate procedure. While Family Services does not dismiss the importance of procedure, this procedural technicality should not cause Family Service to lose its otherwise proper claim in this Court. Rule 14 and Rule 15 are nearly identical, both calling for liberal application in the interests of resolving cases on the merits. *Compare Lehman v. Revolution Portfolio, LLC*, 166 F.3d 389, 393 (1st Cir. 1999) (explaining the "liberal standard" under Rule 14) *with Espinosa v. Sisters of Providence Health System,* 227 F.R.D. 24, 26 (D. Mass. 2005) (discussing the "liberal amendment policy" of Rule 15). The third party complaint Family Service served on the Insolvency Fund is identical in substance to the claims Family Service has against the Insolvency

Fund under the Court's supplemental jurisdiction power and otherwise complies with the jurisdictional constraints under which this Court operates.

Family Service has satisfied the notice pleading requirements of the Federal Rules of Civil Procedure and the Court should exercise its supplemental jurisdiction over the Insolvency Fund as a defendant to Family Service's counterclaims.

## IV. CONCLUSION

For the reasons above, the Court should deny the Insolvency Fund's motion to dismiss.

FAMILY SERVICE, INC. and BROOKE BOURASSA

By their Attorneys,

/s/ Matthew P. Horvitz

Joseph D. Whelan (#5694)
Matthew P. Horvitz (#7289)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
jwhelan@haslaw.com
mhorvitz@haslaw.com

Dated: July 11, 2007.

**CERTIFICATE OF SERVICE**

To: Linn F. Freedman, Esq.
Nixon Peabody, LLP
One Citizens Plaza, Suite 500
Providence, RI 02903

Brooks R. Magratten, Esq.
Kimberly A. Simpson, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

I hereby certify that on July 11, 2007, a copy of the foregoing objection was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Matthew P. Horvitz______

#813012v2