UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LEGION INSURANCE COMPANY | : | |
| V. | : | |
| FAMILY SERVICE, INC. and BROOKE BOURASSA | : | C.A. No. 02-045T |
| V. | : | |
| RHODE ISLAND INSURERS INSOLVENCY FUND | : | |

**THIRD-PARTY DEFENDANT'S REPLY TO DEFENDANTS' OBJECTION TO MOTION TO DISMISS**

Third-Party Defendant, Rhode Island Insurer's Insolvency Fund ("RIIIF"), hereby replies to Defendants' Objection to Motion to Dismiss.

Defendants' arguments in its Objection are confusing and misplaced. First, Defendants comment that Third-Party Defendant "asserts that Federal Rule of Civil Procedure ("F.R.C.P.") 14 was not the proper procedural rule to bring it into this action." (Defendants' Objection, p. 1). Defendants then muse that F.R.C.P. 15 may have been "the proper procedural avenue" within which to attempt to bring Third-Party Defendant into the action. However, RIIIF asserts that F.R.C.P. 14 is the proper procedural mechanism in order to bring a third party into an existing action, not F.R.C.P. 15. F.R.C.P. 15 is a procedural avenue to utilize if additional claims or facts are to be added in a pending action. Accordingly, Defendants' allegation that F.R.C.P. 15 is the proper procedural mechanism to assert a new claim against a different party, as is the case here, is misplaced.

F.R.C.P. 14 sets forth the manner in which a defendant may bring a third party into an existing action, such as is present in this case. As stated in RIIIF's Motion to Dismiss, a third party may be brought into an action when that third party "is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." RIIIF reiterates its argument in the Motion to Dismiss supporting the fact that in this particular instance, the proposed third-party defendant is not liable to the Defendant for <u>any</u> of the plaintiff's claims against the defendant, as is evidenced by the claims asserted in the original Complaint and the Third-Party Complaint. Accordingly, the Motion to Dismiss should be granted.

Defendants then argue in the Objection that the Court should exercise supplemental jurisdiction over RIIIF in accordance with 28 U.S.C. § 1367. Defendants request that the Court exercise supplemental jurisdiction in this matter over an entirely new party on a new claim, as opposed to utilizing F.R.C.P. 14. This request is contrary to the Rules, the statute and the case law.

It is equally startling to RIIIF that Defendant in its Objection appears to purposefully fail to provide the Court with the full and complete recitation of 28 U.S.C. § 1367. Further, Defendants are attempting to persuade the Court to use supplemental jurisdiction in an inappropriate manner, as the supplemental jurisdiction statute specifically provides for jurisdiction over federal and state **claims** that are related to the original action, but provides absolutely no authority for the Court to bring an additional party into a matter when that party is simultaneously inappropriately brought into a matter under F.R.C.P. 14.

Further, Defendants failed to even mention subsection (b) of 28 U.S.C. § 1367. That portion of the statute states as follows:

> "In any civil action of which the district courts have original jurisdiction founded solely on Section 1332 of this title, the district courts shall not have supplemental

> jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of Section 1332."

The Complaint filed by plaintiff in this case asserts jurisdiction pursuant to 28 U.S.C. §1332(a), diversity of citizenship. Accordingly, on its face, the supplemental jurisdiction statute is inapplicable.

Defendants are confusing the utilization of supplemental jurisdiction over claims as opposed to parties brought into an existing action under F.R.C.P. 14. Neither statute nor the case law discussing the exercise of supplemental jurisdiction support Defendants' argument. Courts exercise or decline to exercise supplemental jurisdiction when state claims are inextricably intertwined with other federal claims made between existing parties in an existing action. Supplemental jurisdiction is not utilized by federal district courts in order to bring a new action against a new party circumventing F.R.C.P. 14 and the requirements therein. *See Jenkins v. Mullen*, 2006 U.S. Dist. LEXIS 75780 (D. R.I., 2006); *Champlin's Realty Assoc. v. Carcieri,* 2006 U.S. Dist. LEXIS 74937 (D. R.I., 2006); *Rider v. MacAninch*, 424 F. Supp. 2d 353 (D. R.I., 2006); *Cardillo v. Cardillo*, 360 F. Supp. 2d 402 (D. R.I., 2005).

In conclusion, RIIIF respectfully requests that the Court grant its Motion to Dismiss as it is not a proper party to this matter pursuant to F.R.C.P. 14. In addition, RIIIF urges the Court to reject Defendants' request that the Court exercise its supplemental jurisdiction over RIIIF, which contravenes the statute and case law.

Rhode Island Insurer's Insolvency Fund,
by its attorney,

/s/ Linn F. Freedman

Linn F. Freedman (#4778)
Nixon Peabody LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Telephone: (401) 454-1108
Fax: (866) 807-6614

CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2007, a copy of the foregoing Reply was filed electronically and served by mail to anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Brooks R. Magratten, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

Joseph D. Whelan, Esq.
Matthew P. Horvitz, Esq.
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza
Suite 1500
Providence, RI 02903

/s/ Linn F. Freedman